HOLMES, Judge.
This is a divorce case.
On January 13, 1988, the trial court, after an ore tenus hearing, rendered a divorce decree. The husband timely filed a motion, styled “Motion for Rehearing or Reconsideration,” asking the court to make provision for repayment of monies allegedly owed to the husband’s mother. Stated differently, the husband requested the trial court to alter the division of property.
The trial court issued another order on February 23rd, granting the husband’s February 2nd post-judgment motion. This order, which amended the January 13th divorce decree for the first time, made provision for repayment of $25,000 of the debt allegedly owed to the husband’s mother.
On March 22nd, twenty-eight (28) days after the February 23rd order, the husband again filed a “Motion for Rehearing or Reconsideration”; this motion alleged that the parties owed the husband’s mother $45,000, instead of the $25,000 ordered, and asked the trial court to amend its February 23rd order to make provision for the entire $45,000.
The trial court issued a third order, dated May 23rd, addressing the post-divorce decree motion. This May 23rd order, in part, amended the prior February 23rd order and increased the amount that the parties owed to the husband’s mother from $25,000 to the $45,000 asserted in the husband’s motion of March 22nd.
The wife, through able counsel, appeals. We affirm.
The dispositive issue on appeal is whether the trial court erred in modifying the February 23rd order.
The wife contends on appeal that the Rule 59(e), Alabama Rules of Civil Procedure, motion filed in response to the February 23rd order was untimely and, thus, that the trial court had no authority to modify the decree. We disagree.
Clearly, pursuant to Rule 59(e), A.R. Civ.P., a motion to reconsider may be filed *1066 within thirty days. The rule is as follows: “(e) Motion to Alter, Amend or Vacate a Judgment. A motion to alter, amend, or vacate the judgment shall be filed not later than 30 days after entry of the judgment.”
In this case the husband asked the trial court to reconsider its first divorce decree order. The trial court did “reconsider,” and on February 23rd a new divorce decree was rendered.
The trial court’s order of February 23rd changed the property rights of the parties under the divorce decree. Therefore, the order of February 23rd constituted a new order. Within thirty days the husband filed a motion to reconsider this new order —in essence, contending that his rights would be substantially affected if the trial court did not modify its new order. See Woodall v. Woodall, 506 So.2d 1005 (Ala.Civ.App.1987).
We note that this case is distinguishable from Ex parte Dowling, 477 So.2d 400 (Ala.1985). Dowling involved a motion to reconsider the denial of a movant’s post-judgment motion. Here, the trial court granted the relief sought by the first post-judgment motion and issued a new order, and the same movant merely asked the trial court to modify this new order.
Therefore, as the husband’s motion was timely (i.e., within the thirty-day limitation provided by Rule 59(e), A.R.Civ.P.), we find no error.
This case, in view of the issues as presented to this court, is due to be, and is, affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.