ROBERTSON, Presiding Judge.
On March 27, 1990, the trial court, after an ore tenus proceeding, rendered a divorce decree. Within thirty days, both the husband and the wife filed what were in effect A.R.Civ.P. 59(e) motions to reconsider. On June 25, 1990, the trial court amended the March 27 order and entered an amended divorce decree.
The wife also, on June 25, filed another Rule 59(e) motion to reconsider, contending that the amended order granted her even less than the original order. On July 2, 1990, the husband filed a notice of appeal to this court. In response to the wife’s second Rule 59(e) motion, the trial court entered another order on August 2, 1990. The trial court awarded to the wife a 1988 Nissan Sentra automobile, or in the alternative, the sum of $5,750. All other claims raised were denied. No new appeal was filed from this order.
The wife contends that since her Rule 59(e) motion was still pending, the July 2 notice of appeal was premature. The husband contends that the wife’s second post-trial motion filed in response to the amended judgment of divorce did not toll the time for filing a notice of appeal and, therefore, that his notice of appeal was timely filed. Further, he contends that the trial court did not have jurisdiction to enter the August 2, 1990 order. The trial court’s order of June 25, 1990, changed the property rights of the parties under the original divorce decree. Therefore, the order of June 25, 1990, constituted a new divorce decree. Flanagan. Consequently, the wife was entitled to file a Rule 59(e) motion to reconsider this new divorce decree — in essence, contending that her rights would be substantially affected if the trial court did not modify its new order. Flanagan. As the wife’s motion was timely filed as required by Rule 59(e), the trial court retained jurisdiction to enter the August 2, 1990 order. Owens v. Coleman, 520 So.2d 514 (Ala.1987).
We first address whether the wife was entitled to file the second posttrial motion. After reviewing the cases cited by both parties, we find the case of Flanagan
[[Image here]]
v. Flanagan, 539 So.2d 1065 (Ala.Civ.App.1988), to be applicable here.
We now address whether the July 2, 1990, notice of appeal was premature. Our supreme court, in Ex parte Andrews, 520 So.2d 507 (Ala.1987), clarified this issue where Justice Shores wrote:
“We granted the writ of certiorari in this case to address ... a material question of first impression in the State of Alabama.
“In the case at bar, both the notice of appeal and the post-judgment motion to alter, amend, or vacate were timely under the rules. According to Rule 59(e), A.R.Civ.P., motions to alter, amend, or vacate the judgment must be filed within 30 days of the entry of judgment by the trial court. A notice of appeal must be filed within 42 days of the entry of the judgment or order appealed from. Rule 4(a)(1), A.R.App.P.
“The Court of Civil Appeals is correct in its observation that the rules, both the Rules of Civil Procedure and the Rules of Appellate Procedure, fail to address specifically the effect of the filing of a timely posttrial motion upon the right to file an appeal, or vice versa. The rules do say, however, that the filing of a motion pursuant to Rules 50, 52, 55 or 59, A.R.Civ.P., shall suspend the running of the time for filing a notice of appeal:
“ ‘The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Proce-
*75 dure (ARCP) shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a. notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1_’
“Rule 4(a)(3), A.R.App.P.
“The construction adopted by the Court of Civil Appeals comports with reason and justice and follows the spirit of Rule 1, A.R.Civ.P., and Rule 1, A.R.App.P. It is also consistent with the Federal Rules of Appellate Procedure, after which the Alabama Rules of Appellate Procedure were modeled. Until 1979, the Federal rules, like the Alabama rules, were also silent as to the effect of the filing of a post-judgment motion upon the right to appeal_ The federal rules were amended in 1979 to add the following language of Rule 4(a)(4), F.R.App.P.:
“ ‘If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party [pursuant to Rule 50(b), 52(b), or Rule] 59 to alter or amend the judgment ... or ... for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed, before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing. ’ [Emphasis added in Andrews.]
“An appeal filed within 42 days of the judgment is timely. Rule 4(a)(1), A.R.App.P. However, a post-judgment motion to alter, amend, or vacate is also timely if filed within 30 days of the entry of judgment. If both are timely filed, the time for properly taking an appeal is suspended until the motion is formally ruled on or denied by operation of law. The notice of appeal must then be refiled within 42 days of the order or the denial by operation of law.”
520 So.2d at 508-10.
Clearly, the July 2, 1990, notice of appeal was premature, and the appeal was not refiled after the August 2, 1990 order.
If an appeal is not timely filed, jurisdiction of the appellate court is not invoked, and the appellate court has no alternative but to dismiss the appeal. Rule 2(a)(1), A.R.App.P.
The wife’s request for an attorney’s fee for representation on appeal is granted in the amount of $500.
APPEAL DISMISSED.
THIGPEN and RUSSELL, JJ., concur.