This is a divorce case.
In August 1992, Hiram Talmadge Quillin III sued for a divorce from Janice Jenkins Quillin, alleging an incompatibility of temperament and an irretrievable breakdown of the marriage. He requested, among other things, that the trial court award the wife custody of the parties' two children; order him to pay child support pursuant to Rule 32, Ala.R.Jud.Admin.; and allow the wife to reside in the marital home until the younger child reaches majority, with the requirement that she then sell the marital home and *Page 296 
equally divide the proceeds between the parties. In September 1992, the wife answered and counterclaimed, alleging, among other things, that the husband had abandoned his family, had committed adultery, and was addicted to "habitual drunkenness." She also alleged an irretrievable breakdown of the marriage. The wife requested, among other things, custody, child support, alimony, and post-minority college expenses for the children.
Ore tenus proceedings were held in January 1993. Ultimately, in August 1993, the trial court divorced the parties, based on incompatibility, and, among other things, awarded the wife custody of the parties' minor son and ordered the husband to pay child support pursuant to Rule 32, Ala.R.Jud.Admin. The trial court also awarded the wife the marital home, subject to the outstanding mortgage, reserved the issue of periodic alimony, awarded the wife attorney fees, and ordered the husband to pay post-minority support for education.
Following a hearing on the husband's post-judgment motion, the trial court entered an amended judgment. The trial court awarded the husband and wife joint ownership of the marital home, deleted the provision of the judgment regarding the husband's duty to maintain life insurance policies with the children as beneficiaries, and ordered the marital home sold with proceeds divided 60% to the wife and 40% to the husband. A subsequent hearing was held on the wife's post-judgment motion regarding that amended order. Ultimately, the trial court, among other things, awarded the wife the marital home, subject to the mortgage, as per the original judgment, and ordered the wife to assume payments on a loan the parties had obtained for home improvements. The trial court declined to award the wife alimony or a portion of the husband's retirement funds, although the case involved "dissolution of a marriage of considerable length," because she was awarded the marital home. The husband appeals.
The husband presents four issues on appeal: (1) whether the trial court abused its discretion in dividing the marital assets; (2) whether the trial court abused its discretion in awarding post-minority support; (3) whether the trial court abused its discretion in awarding the wife attorney fees; and (4) whether the trial court abused its discretion in the way it handled the case procedurally.
The record reveals the following pertinent facts: Although a two-day hearing was held in January 1993, a judgment was not entered until August 1993, almost 8 months later. The parties were married in October 1968, and they had two sons, ages 18 and 15 at the time of trial. The parties separated in April 1992 when the husband moved out of the marital home following an argument. The husband has been employed as a police officer for over 22 years, and the wife operates a beauty shop in the marital home. The husband testified that he earned approximately $30,000 annually. The evidence regarding the wife's income was conflicting, but it was undisputed that her income varied and depended upon customer demand and that she needed the marital home to maintain her business income. There is ample evidence in the record regarding the assets accumulated during the marriage and regarding the separate properties and financial prospects of the parties.
The husband testified that his relationship with his sons was strained and that he had made no independent effort to spend time with his sons, although his sons visited him and made an effort to see him. The oldest son testified that he and his brother always had to make the first effort to contact their father and that, because of frustration, they had quit trying to have a relationship with their father because of his indifference toward them. That son further testified regarding the effect of his parents' separation and pending divorce on his grades and his ability to concentrate and study. He testified that his grades would probably improve after the divorce was completed, because, he said, he then would be better able to concentrate. The wife testified regarding the oldest son's part-time job and his contribution toward meeting his educational expenses. She also testified that both she and the son had attempted to obtain tuition money from the husband. The husband testified that although he was displeased with his son's chosen *Page 297 
course of study, he was willing to contribute to his older son's college education, provided certain conditions were met.
The wife testified that the husband had an alcohol problem and that their son had confronted him about it. The husband admitted that his sons had asked him to cut back on his drinking, but he denied that he had any problem with alcohol. The wife testified that she was without money to pay her attorney, and an attorney testified regarding his review of the case and what he considered to be a reasonable attorney fee.
Before the entry of the initial judgment, the husband had sold certain marital assets, including a vehicle that the trial court subsequently awarded to the wife. The husband contended that he sold assets to obtain enough money for his living expenses, although he could not account for the sales proceeds nor his expenditures. The husband testified that although he did not pay the wife any child support, he gave money directly to his sons. The wife testified that between the hearing in January and the judgment entered in August, she received no financial support from the husband, although she had filed a motion for interim child support, which was never ruled upon.
When a trial court receives ore tenus evidence in a divorce proceeding, its judgment is presumed correct if supported by the evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App. 1989). Absent an abuse of discretion, this court is not permitted to substitute its judgment for that of the trial court. Beckwithv. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
The husband first contends that the trial court abused its discretion in dividing the marital assets. Specifically, he argues that the trial court punished him because of the wife's allegations regarding adultery and alcoholism.
The division of property pursuant to divorce rests soundly within the discretion of the trial court, and its judgment will not be disturbed on appeal absent an abuse of that discretion.Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App. 1992); Montgomeryv. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). The division is not required to be equal, but it must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court.Montgomery, supra; Ross v. Ross, 447 So.2d 812
(Ala.Civ.App. 1984). Furthermore, a property division favoring one spouse over the other is not, in and of itself, an abuse of discretion. Sutton v. Sutton, 625 So.2d 817
(Ala.Civ.App. 1993). Some of the factors that the trial court may consider in dividing the property include the length of the marriage, the parties' future prospects, and the conduct of the parties regarding the cause of divorce, in appropriate cases.Tims v. Tims, 519 So.2d 558 (Ala.Civ.App. 1987); Sheffield v.Sheffield, 485 So.2d 1177 (Ala.Civ.App. 1986). Although the trial court specifically divorced the parties on the grounds of incompatibility, it was not precluded from considering fault as to the dissolution of the marriage. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986).
The husband's primary dissatisfaction with the property division concerns the trial court's award of the marital home to the wife. Ample record evidence reveals the wife's particular interest in and need for the home, and the trial court indicated that its decision regarding the marital home was related to its decision regarding the wife's interest in the husband's retirement benefits and alimony. Our review of the record reveals nothing inequitable in the trial court's division of the marital property and the husband has failed to disclose any error in that regard.
The husband next contends that the trial court abused its discretion in awarding post-minority support. A trial court's judgment regarding child support that is based upon ore tenus evidence, is presumed correct and will be reversed only upon a showing that the trial court abused its discretion. Berry v.Berry, 579 So.2d 654 (Ala.Civ.App. 1991). Furthermore, our Supreme Court has addressed factors to be considered in a proceeding involving post-minority support for a college education, and it has specifically stated that "the trial court shall consider all relevant factors that shall appear reasonable *Page 298 
and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Ex parte Bayliss,550 So.2d 986, 987 (Ala. 1989). The trial court may also consider "the child's relationship with his parents and responsiveness to parental advice and guidance." Bayliss at 987. Evidence should be considered to determine whether an award would cause the parent undue hardship; however, this court has noted that undue hardship does not mean without any personal sacrifice.Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990). Additionally, the fact that the relationship between the parent and the child is strained "should not preclude . . . the opportunity to obtain a college education." Thrasher at 841.
Although the evidence revealed that the husband's relationship with his sons was strained, there is ample evidence indicating that the husband contributed to or caused that strain. The evidence regarding the older son's struggles in college indicates not only the significant effect of the marital problems on the son, but it also indicates his commitment, aptitude, and progress toward his degree. The trial court established certain conditions and guidelines for the son to meet in order to maintain the award of post-minority support, and the trial court has continuing jurisdiction to modify the award if warranted. Although the husband testified that he was having financial difficulty, his own testimony was conflicting concerning his debts and needs. The evidence does not support the husband's claim of hardship, and he has failed to disclose any error in the trial court's award of post-minority support.
The husband next contends that the trial court abused its discretion in awarding the wife attorney fees. The award of attorney fees in a divorce action is within the sound discretion of the trial court, and such an award will not be reversed on appeal except for abuse of that discretion.Shirley v. Shirley, 600 So.2d 284 (Ala.Civ.App. 1992). The trial court considers many factors in making its determination, including: (1) the results of the litigation, (2) the nature of the conduct of the parties, (3) the financial circumstances of the parties, and (4) the earning capacities of the parties.Shirley, supra.
The husband does not dispute the amount nor the reasonableness of the attorney fees awarded by the trial court. He merely argues that the trial court abused its discretion in awarding an attorney fee to the wife. Although the husband argued that he was struggling financially, the evidence suggests that the husband is in a better financial condition than the wife, whose varied annual income has averaged less than half of the husband's salary. The record contains ample evidence regarding the financial circumstances of the parties and their respective earning capacities. The husband has failed to disclose any error in the award of attorney fees.
The husband's final contention concerns the procedure followed in the case. Specifically, he argues that the entry of the divorce judgment, some eight months after the hearing, was error, and that, because the wife introduced no new evidence at the evidentiary hearing on his post-judgment motion, she was not entitled to an evidentiary hearing on her post-judgment motion. He cites no authority to support his contentions. Rule 28, A.R.App.P. Furthermore, the record is clear that if anyone was harmed by the delay in the entry of the judgment, it was the wife. After the hearing, but before the trial court's judgment, the husband disposed of marital assets and did not financially assist the wife or their sons.
The husband also cites no authority for his argument that the wife was not entitled to present any evidence in support of her post-judgment motion because she did not introduce any new or opposition evidence at the evidentiary hearing on his post-judgment motion. The order following the husband's post-judgment motion changed the property rights of the parties, and therefore, constituted a new judgment.Flanagan v. Flanagan, 539 So.2d 1065 (Ala.Civ.App. 1988). The wife, as the party aggrieved by the new judgment, had the right to file a post-judgment motion. Rule 59, A.R.Civ.P.; Redd v.Redd, 585 So.2d 73 (Ala.Civ.App. 1991). The husband has simply failed to disclose error. *Page 299 
The wife's request for an attorney fee on appeal is granted in the amount of $1000.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.