In July 1994, Suzanne L. Hannan sued Jeffrey Alan Hannan for a divorce, alleging incompatibility and requesting custody of three children that she alleged to be the children of this marriage, child support, periodic alimony, a division of property, and attorney fees. The wife has one son by a previous marriage, and three children were born during their marriage. The husband answered and counterclaimed for a divorce, alleging incompatibility and requesting custody of the two younger children born during the marriage, child support, a property division, and attorney fees. The husband also alleged that the oldest child born during the marriage is not his biological child, and the wife stipulated to that. Following ore tenus proceedings, the trial court awarded custody of the two younger children to the husband and awarded the wife certain visitation rights. The trial court reserved the issues of alimony and property division pending a conversion lawsuit the wife had filed against the husband.
The wife argues that the trial court erred by (1) awarding custody of the two younger children to the husband; (2) reserving the issues of property division and alimony; and (3) not requiring the husband to keep the children in Alabama.
When evidence is presented in a divorce case, the judgment of the trial court is presumed correct, and this court will not reverse absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). The issues of periodic alimony, the division of property, and child custody are within the discretion of the trial court. Id. Absent a showing of an abuse of discretion, the trial court's judgment regarding these issues will *Page 1342 
not be reversed. Id. The primary consideration in determining custody issues is the best interests and welfare of the children. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App. 1992). The trial court considers several factors, including the age and needs of the children and each parent's ability to provide for those needs. Id.
The wife first contends that the trial court abused its discretion by separating these parties' two children from her two older children. Alabama case law does not favor a custody judgment that separates siblings. Jensen v. Short, 494 So.2d 90
(Ala.Civ.App. 1986). However, we do not find the wife's argument to be persuasive, because this case involves the separation of half siblings. Also, as discussed below, the evidence supports the trial court's determination that the award of custody to the husband is in the best interests of the children.
The wife also contends that it is in the children's best interests that she, not the husband, be awarded custody. The record reveals that these parties had a turbulent marriage, and there is evidence of physical violence committed by both parties; however, there is no evidence of physical violence committed upon the children. The wife presented evidence that she had performed the overwhelming majority of the parenting duties. She also testified that the husband was neglectful, refused to attend the children's activities, and would leave town on business without leaving money or his out of town address. The husband testified that the wife was an inadequate housekeeper, that she often left the dishes in garbage sacks on the back deck, and that she was an irresponsible manager of money. Each parent denied the negative evidence presented by the other.
Despite the wife and husband's inability to cooperate with one another, the record reveals that either party would be an appropriate custodial parent. In instances where either parent is an appropriate custodian of the minor children, the appellate court is bound to defer to the trial court's custody decision based on the trial court's observations of the witnesses, its credibility determinations, and its resolution of conflicting evidence. Lacaze v. Lacaze, 621 So.2d 298
(Ala.Civ.App. 1993). The wife has simply failed to prove that the award of custody to the husband was an abuse of discretion.
The wife next argues that the trial court erred in reserving the property division and alimony issues pending the outcome of her civil conversion lawsuit filed against the husband. The wife filed the divorce complaint in July 1994 in the domestic relations division, and she filed the conversion complaint in April 1995. The two cases are before two different judges. Our supreme court has held:
 "[W]here two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction."
Ex parte State ex rel. Ussery, 285 Ala. 279, 281,231 So.2d 314, 315 (1970). This court has also held that once a court has in personam jurisdiction over the parties in a divorce action, it may not reserve issues that are "incident to [the] divorce proceeding." Crommelin-Monnier v. Monnier, 638 So.2d 912, 916
(Ala.Civ.App. 1994). See also, Biggers v. Biggers,674 So.2d 594 (Ala.Civ.App. 1995). Therefore, we conclude that the trial court erred in reserving the issues of alimony and property division because it had jurisdiction in the divorce action before the circuit court had jurisdiction in the conversion action. Also, the issues of alimony and property division are "incident to [the] divorce proceeding." Crommelin-Monnier, at 916.
Last, the wife argues that the trial court erred in not requiring the husband to keep the children in Alabama. The husband is a native of Washington State, and the wife fears that he will move there with the children and that his doing so would limit her contact with them. We conclude that the trial court did not err in not requiring the husband to keep the children in Alabama. The wife's fear of limited contact with the children is minimized by the liberal visitation she received in the divorce judgment. See Vail v. Vail,532 So.2d 639 (Ala.Civ.App. 1988). *Page 1343 
Therefore, the judgment of the trial court is affirmed as to the issues of custody and removal of the children from Alabama, but it is reversed insofar as it reserved the issues of alimony and property division.
The husband's request for an attorney fee is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.