This is a divorce case.
Mardis Howle, the husband, and Lanier Howle, the wife, were married on June 22, 1991, and were separated on June 30, 1994. On July 12, 1994, the wife sued for a divorce. Count two of the complaint sought damages for physical abuse committed by the husband, including an incident on June 30, 1994, when the husband punched her in the mouth and caused her to incur expenses for emergency medical and dental treatment. The wife demanded a jury trial on the assault and battery count. On July 31, 1995, the trial court entered an order setting the case for trial and stating that the issues of property division, alimony, and attorney fees would be reserved for determination after the disposition of the jury trial on count two of the complaint. On January 11, 1996, the trial court entered an order severing count two from the divorce action and directing that the claim be transferred to the nondomestic-relations civil division of the circuit court. While the divorce was pending, the marital home was sold; the trial court ordered the proceeds of the sale transferred to the clerk of the court and held in an interest-bearing account. Following the trial, which consisted of several days of testimony, the trial court entered a final judgment in which it divorced the parties, divided the parties' property, and awarded the wife an attorney fee of $10,000. The wife filed a motion to alter, amend, or vacate the judgment, and a motion to stay the disbursement of the proceeds of the sale of the home pending all post-trial motions and/or appeals. The trial court denied both motions. The wife appeals.
The wife argues that the trial court committed reversible error ruling on the issues of property division, alimony, and attorney fees, after entering an order stating that it was reserving those issues for the future. She asserts that the trial court's order of July 31, 1995, excluded testimony on those issues and prevented her from presenting all the evidence necessary to the disposition of those issues. The trial court's order denying the wife's postjudgment motions stated that, although it initially reserved those issues, it advised the attorneys of this court's opinion in Hannan v. Hannan,676 So.2d 1340 (Ala.Civ.App. 1996), before the trial was completed. In Hannan, we reiterated that a court presiding over a divorce proceeding may not reserve issues such as property division and alimony, which are " 'incident to [the] divorce proceeding.' " Id. at 1342 (quoting Crommelin-Monnier v.Monnier, 638 So.2d 912, 916 (Ala.Civ.App. 1994)). Thus, the trial court correctly recognized that it could not properly reserve the issues of property division, alimony, and attorney fees.
The record reflects that the trial lasted several days, during which extensive testimony was presented regarding the husband's alcoholism and his abusive nature, the parties' financial positions and earning capacities, and the parties' assets. Because the parties presented testimony regarding these issues, they impliedly consented to the disposition of those issues, and the pleadings are deemed to have been amended to conform to the evidence presented. Rule 15(b), Ala. R. Civ. P.;Hawk v. Bavarian Motor Works, 342 So.2d 355 (Ala. 1977). Despite the order stating that those issues were reserved, a more extensive revelation of the nature of the marriage, the conduct of the parties, and their finances can scarcely be imagined. We do not believe that the wife has shown any prejudice as a result of the trial court's initial approach of reserving the issues regarding the disposition of the parties' property. Where there is no prejudice to the complaining party, reversible error does not exist. Rule 45, Ala. R.App. P. Therefore, the trial court did not commit reversible error by *Page 179 
ruling on those issues previously designated as reserved for the future.
The wife additionally argues that the trial court's order dividing the property, awarding her alimony, and assessing an attorney fee award was inequitable and an abuse of discretion. The factors the trial court is to consider in making a division of property include the earning abilities of the parties; their future prospects, ages, and health; the duration of the marriage; the source, value, and type of property; and the conduct of the parties. Corl v. Corl, 560 So.2d 774
(Ala.Civ.App. 1990). When the trial court hears ore tenus evidence in a divorce case, its judgment based thereon is afforded a presumption of correctness and will not be reversed absent an abuse of discretion. Quillin v. Quillin, 652 So.2d 294
(Ala.Civ.App. 1994). The issues of property division, attorney fees, and alimony are matters within the trial court's discretion.Id. at 297-98; Corl, supra. A property division does not have to be equal, but it must be equitable. Quillin, supra, at 297. A property division favoring one spouse is not necessarily an abuse of discretion. Id.
The wife contends that the trial court abused its discretion by awarding the husband the proceeds from the sale of the home, which totaled $210,486.67, while ordering the husband to pay the wife only $5,000 of those proceeds. She argues that this sum, combined with the lump sum alimony award of $7,500, and the award of $1,500 for medical bills incurred for treatment of the injury inflicted by the husband, is insufficient in light of the husband's net assets, which she contends exceeds $2,000,000, and in light of his fault in causing the breakdown of the marriage. The record reveals that the parties were married three years, that the home and most of the assets were purchased by the husband, that the wife was 39 years old when the parties separated, and that she was working when the parties married and was earning between $40,000 and $42,000 per year. While the wife was awarded a small sum from the husband's relatively large estate, we do not find that that award constitutes an abuse of discretion. Nor do we find an abuse of discretion in the award of $10,000 for an attorney fee to the wife; this, according to the trial court's judgment, was an appropriate amount for the husband to contribute toward her legal expenses.
The wife also contends that she is entitled to prosecute a separate action against the husband for assault and battery. Thus, she urges this court to order the trial court to strike certain language from the divorce judgment that states that the lump sum alimony award is to serve as a full settlement and satisfaction of all claims between the parties. We agree that the wife may have a viable claim for assault and battery separate from her divorce action. Ex parte Harrington,450 So.2d 99 (Ala. 1984). Whether a separate claim can be prosecuted after the divorce judgment is to be determined based on the facts and circumstances of each case. Coleman v. Coleman,566 So.2d 482 (Ala. 1990). The language the wife objects to we read as a reference to only those claims still before the judge after the assault and battery claim had been severed. There is no indication in the record that the severed assault and battery claim is not still pending before the division of the court to which it was transferred. Whether that claim may proceed or whether it is barred by the doctrine of res judicata
is to be determined by the judge to whom that claim is assigned, and not by the judge who presided over the divorce matters.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.