BEATTY, Retired Justice.
In October 1991, the parties married. In April 1993, the wife filed a complaint for a divorce, and in April 1997, she filed an amended complaint, adding counts alleging assault and battery.
Following a hearing held in June 1997, the trial court issued an order divorcing the parties. That order also stated:
“(5) [The wife’s] motion to amend to add complaint for assault and punitive damages and jury demand, as well as [the husband’s] motion to strike, are transferred to civil division for disposition.”
The wife appealed from the divorce order, contending that the trial court had failed to make an equitable distribution of the marital assets. In that appeal, this court remanded the case to allow the trial court to make the divorce order final pursuant to Rule 54(b), Ala. R. Civ. P. The trial court did so, and we affirmed the trial court’s divorce judgment, without opinion. See Hendley v. Hendley, (No. 2970210) — So.2d-(Ala.Civ.App.1998) (table).
In that earlier appeal, the trial court, in response to the remand for compliance with Rule 54(b), issued the following order, dated March 20,1998:
“Pursuant to order of Court of Civil Appeals of March 10, 1998, the court finds that all issues between the parties were considered by the court and that there is no just reason for delay. Therefore, the judgment of divorce of June 26,1997, is made final.”
Thereafter, the wife filed a motion for clarification of the March 20, 1998, order. On March 31, 1998, this court issued an order, stating in part:
“[The wife’s] motion for clarification is granted. Trial court is directed, within 14 days from this date, to clarify its order of March 20, 1998, as to whether the divorce order is final as to all claims or merely the divorce claims.”
Thereafter, the trial court issued an order, dated April 13, 1998, which stated:
“In this divorce action, [the wife] moved for a trial by jury of the claim for assault. The court severed the assault claim and placed said claim on the jury docket. At the trial of the divorce, [the wife] and her children testified. All aspects of the marriage were covered, including the alleged assault. [The wife’s] counsel argued the alleged assault in closing. The court’s judgment was intended to adjudicate all claims between the parties. The jury demand is hereby struck. The court certifies this as a final judgment.”
On May 21, 1998, the wife filed a second appeal, an appeal from the April 13, 1998, order, contending that the trial court had abused its discretion in denying consideration of her assault and battery claims.
The husband argues that this contention is barred by the doctrine of res judicata because, he says, the wife should have argued this issue in her prior appeal (No. 2970210). We note that on July 23, 1998, this court denied oral argument in Appeal No. 2970210 and the case was submitted to the court for a decision. The only issue raised in Appeal No. 2970210 was whether the trial court had failed to make an equitable distribution of the marital assets.
In Howle v. Howle, 699 So.2d 177 (Ala.Civ.App.1997), the wife filed a complaint for divorce and included a count alleging assault and battery. The trial court severed the wife’s assault-and-battery count from the divorce count and transferred it to the non-domestic-relations civil division of the circuit court. On appeal, this court stated:
“The wife also contends that she is entitled to prosecute a separate action against the husband for assault and battery. Thus, she urges this court to order the trial court to strike certain language from the divorce judgment that states that the lump sum alimony award is to serve as a full settlement and satisfaction of all claims between the parties. *429 We agree that the wife may have a viable claim for assault and battery separate from her divorce action. Whether a separate claim can be prosecuted after the divorce judgment is to be determined on the facts and circumstances of each ease. The language that the wife objects to we read as a reference to only those claims still before the judge after the assault and battery claim had been severed. There is no indication in the record that the severed assault and battery claim is not still pending before the division of the court to which it was transferred. Whether that claim may proceed or whether it is barred by the doctrine of res judicata is to be determined by the judge to whom the claim is assigned, and not by the judge who presided over the divorce matters.”
Howle, 699 So.2d at 179. (Citations omitted.) (Emphasis added.)
In this case the trial judge who handled the divorce claim is not the judge who was to determine whether the assault-and-battery claim might proceed or whether it was barred by the doctrine of res judicata. Consequently, the judgment of the trial court must be reversed and the cause remanded for proceedings consistent with this opinion.
The husband’s request for attorney fees is denied.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.