776 So.2d 128 (1999)
Lanier Harris TYNDAL
v.
Mardis HOWLE.
2980406.
Court of Civil Appeals of Alabama.
July 30, 1999.
Rehearing Denied September 3, 1999.
*129 Frederick A. Erben of Beddow, Erben & Bowen, P.A., Birmingham, for appellant.
James M. Fullan, Jr., of Fullan & Fullan, Birmingham, for appellee.
PER CURIAM.
This is the second time these parties have been before this court. See Howle v. Howle, 699 So.2d 177 (Ala.Civ.App.1997). Lanier Harris Tyndal (the "wife") appeals from a summary judgment entered in favor of Mardis Howle (the "husband") on her assault-and-battery claim.
The parties married in June 1991 and separated on June 30, 1994. In July 1994, the wife filed a two-count complaint in which she sought a divorce and sought damages from the husband for an assault and battery that she alleged had occurred on June 30, 1994; the wife sought a jury trial on her claim alleging assault and battery. The trial judge before whom the divorce action was pending severed the assault-and-battery claim from the divorce count and transferred that claim to the "civil division" of the circuit court.
In July 1996, the court entered a final judgment of divorce. The wife appealed. One of the wife's arguments in that appeal was that certain language contained in the divorce judgment should be stricken. This court addressed that issue as follows:
"The wife also contends that she is entitled to prosecute a separate action against the husband for assault and battery. Thus, she urges this court to order the trial court to strike certain language from the divorce judgment that states that the lump sum alimony award is to serve as a full settlement and satisfaction of all claims between the parties. We agree that the wife may have a viable claim for assault and battery separate from her divorce action. Ex parte Harrington, 450 So.2d 99 (Ala.1984). Whether a separate claim can be prosecuted after the divorce judgment is to be determined based on the facts and circumstances of each case. Coleman v. Coleman, 566 So.2d 482 (Ala.1990). The language the wife objects to we read as a reference to only those claims still before the judge after the assault and battery claim had been severed. There is no indication in the record that the severed assault and battery claim is not still pending before the division of the court to which it was transferred. Whether that claim may proceed or whether it is barred by the doctrine of res judicata is to be determined by the judge to whom that claim is assigned, and not by the judge who presided over the divorce matters."
Howle v. Howle, 699 So.2d at 179. This court released that opinion in May 1997. In August 1997, the husband paid to the wife those amounts he was obligated to pay under the terms of the divorce judgment.
In May 1998, the husband filed a motion for a summary judgment, a plea of accord and satisfaction, a plea of res judicata, a motion to dismiss, and a brief and documents in support of these motions in the assault-and-battery action pending in the civil/non-domestic-relations division (hereinafter the "trial court"). The wife filed a response in opposition to the husband's motion.
The trial court entered a summary judgment in favor of the husband. The wife filed a postjudgment motion; the trial court denied that motion. The wife appealed *130 to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
A motion for summary judgment is properly granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Chatham v. CSX Transportation, Inc., 613 So.2d 341, 343 (Ala.1993). The evidence must be viewed in a light most favorable to the nonmoving party, and all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved in favor of the nonmovant. Id. After the moving party makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to present evidence creating a genuine issue of material fact. Id. The nonmoving party, to create a genuine issue of material fact, is required to present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
On this second appeal, the wife argues that the trial court erred in entering a summary judgment in favor of the husband because, she argues, her assault-and-battery claim is not barred by either the doctrine of res judicata or the doctrine of accord and satisfaction.
The elements of res judicata are as follows:
"(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860 (Ala.1987)."
Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala.1990). The wife argues that the fourth element of res judicata has not been met, contending that her divorce claim and the alleged assault and battery did not constitute the same cause of action. We agree.
"[I]n Ex parte Harrington, 450 So.2d 99, 101 (Ala.1984), the Alabama Supreme Court specifically answered the question of whether the cause of action in [an assault-and-battery] suit based on conduct occurring during the parties' marriage is necessarily identical to the cause of action in a divorce suit where substantially the same conduct is alleged as a ground for divorce."
Abbott v. Williams, 888 F.2d 1550, 1552 (11th Cir.1989) (applying Alabama law).
In Ex parte Harrington, supra, a wife sued for a divorce; in that action, she alleged, among other things, that the husband had shot her with a gun. The wife later filed a second action against the husband, alleging assault and battery in connection with the shooting. The Supreme Court of Alabama held that the mere fact that the wife included in her divorce action a charge that her husband had assaulted her did not make the divorce cause of action and her assault-and-battery cause of action identical. Ex parte Harrington, supra.
Thus, the question is whether, in entering its divorce judgment, the trial court adjudicated all of the issues related to the wife's tort claim alleging assault and battery. At trial in the divorce action that is the basis of this appeal, the wife testified regarding the June 30, 1994, assault and battery. However, during the divorce action, evidence was presented regarding other issues, such as the husband's drinking, other instances of violence, and threats the husband made against the wife.
"Alabama precedent does not establish a bright-line rule that a divorce judgment automatically precludes one former spouse from suing the other in tort based upon conduct which occurred during the marriage. Rather it suggests that each such case be examined on its own facts and circumstances: a case is *131 within the `field of operation' left open by Harrington if a settlement agreement, merged into a final divorce judgment, did not cover the tort claim, or if all elements of the tort claim were not fully litigated and decided in the divorce action, even though the divorce action has proceeded to final judgment."
Abbott v. Williams, 888 F.2d at 1554.
We note that the wife requested a jury trial on her assault-and-battery claim; in Alabama, parties are not entitled to a trial by jury in a divorce action. In its divorce judgment, the trial court did not address the nature of the wrong committed by the husband on June 30, 1994, the issue of any possible punitive damages to which the wife might be entitled, or the issue of compensatory damages other than medical expenses incurred by the wife as a result of the husband's conduct. In deciding the wife's claim for a divorce, the trial court considered the husband's conduct in terms of the fault and conduct of the parties. See Ex parte Harrington, 450 So.2d at 101 (comparing and contrasting the elements required in a divorce action with the elements required to prove a claim of assault and battery). We cannot hold that all of the elements of the wife's assault-and-battery claim were adjudicated by the divorce judgment.
Further, the husband did not present a prima facie case of accord and satisfaction. The elements of accord and satisfaction are: (1) proper subject matter, (2) competent parties, (3) assent, or meeting of the minds, and (4) consideration. Anderson v. Anderson, 686 So.2d 320 (Ala. Civ.App.1996). In this case, the parties did not reach a settlement of the assault-and-battery claim. Further, there is no evidence in the record to indicate that there was a "meeting of the minds" by which the wife was to accept the husband's payments under the terms of the divorce judgment in lieu of pursuing her claim alleging assault and battery.
We must reverse the summary judgment entered in favor of the husband and remand this case for further proceedings.
REVERSED AND REMANDED.
ROBERTSON, P.J., and CRAWLEY and THOMPSON, JJ., concur.
YATES and MONROE, JJ., dissent.
MONROE, Judge, dissenting.
I must respectfully dissent.
As the majority notes, this is the second time these parties have been before this court. In the prior appeal, this court stated, in pertinent part:
"We agree that the wife may have a viable claim for assault and battery separate from her divorce action. Ex parte Harrington, 450 So.2d 99 (Ala.1984). Whether a separate claim can be prosecuted after the divorce judgment is to be determined on the facts and circumstances of each case. Coleman v. Coleman, 566 So.2d 482 (Ala.1990).... Whether [the severed assault and battery] claim may proceed or whether it is barred by the doctrine of res judicata is to be determined by the judge to whom [the severed assault and battery] claim is assigned, and not by the judge who presided over the divorce matters."
Howle v. Howle, 699 So.2d 177, 179 (Ala. Civ.App.1997). Thus, this court has previously concluded that while the wife might have a separate assault-and-battery claim, the question whether that claim is barred by the doctrine of res judicata was to be decided by the judge to whom the assault-and-battery claim was assigned. When the husband moved the court handling the pending assault-and-battery claim to enter a summary judgment on the grounds of res judicata and accord and satisfaction, the court handling the assault-and-battery claim (hereinafter referred to as "the trial court") entered a summary judgment in favor of the husband.
The majority holds that the trial court erred in entering a summary judgment in *132 favor of the husband, concluding that the wife's assault-and-battery claim is not barred by either the doctrine of res judicata or the doctrine of accord and satisfaction. However, I must disagree.
In Jackson v. Hall, 460 So.2d 1290, 1292 (Ala.1984), our supreme court stated:
"In [Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala. 1978)], the elements of res judicata were explained:
"`(1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits....'
"In this case, the first three elements are easily perceived. The fourth element, as explained in Wheeler, supra, at 1200, is met when `substantially the same evidence supports both actions.' That is the case here."
In Count II of her divorce complaint, which was severed and which remained pending in the trial court after the trial of the parties' divorce action, the wife alleged:
"12. That [the husband] has willfully and maliciously committed acts of physical violence against [the wife] including assault, battery, and intentional infliction of emotional distress.
"13. That, on or about June 30, 1994, [the husband] willfully and deliberately with intent to harm, punched [the wife] in the mouth, rendering her unconscious.
"14. That [the husband's] intentional violent act toward [the wife] resulted in bodily harm, including, but not limited to, knocking several teeth loose and bleeding on the inside of her mouth, all of which necessitated [the wife's] seeking emergency medical and dental treatment.
"WHEREFORE, PREMISES CONSIDERED, [the wife] demands judgment by the court, or jury, in the amount of One Million Dollars in compensatory and punitive damages.
"PLAINTIFF DEMANDS TRIAL BY STRUCK JURY AS TO COUNT II."
In the course of testifying in the parties' divorce action, the wife testified not only about the June 30, 1994, incident (which resulted in the parties' separation), but also about other acts of violence on the part of the husband. However, while the wife testified in great detail about every aspect of the June 30, 1994, incident, the resulting injuries, and that her medical and dental bills from that incident totalled approximately $2,500, she did not testify in any great detail about the other acts of violence on the part of the husband.
Although the wife's assault-and-battery claim was pending when the parties' divorce action came to trial, the wife elected to testify in great detail about the June 30, 1994, incident and its resulting injuries. Thus, she presented evidence of her assault-and-battery claim to a court of competent jurisdiction, and that court in its final judgment of divorce stated:
"NINTH: MISCELLANEOUS

"The [husband] shall pay to the [wife] the sum of One Thousand Five Hundred Dollars ($1,500.00) for any dental and/or doctor bills incurred by her as a result of the [husband's] striking the [wife] on or about the date of their separation."
The elements for application of the doctrine of res judicata have been met. See Jackson, 460 So.2d 1290. Thus, the trial court properly entered the summary judgment for the husband.
In May 1997, this court released Howle, 699 So.2d 177, and in August 1997, the husband paid to the wife the amounts he was obligated to pay under the terms of the final judgment of divorce, including the amount awarded in the "ninth" provision. The wife negotiated the check for $1,500. Thus, the wife has received, and apparently *133 accepted, compensation for her assault-and-battery claim.
YATES, J., concurs.