1 So.3d 73 (2008)
M.S.
v.
D.A.P.
2060984.
Court of Civil Appeals of Alabama.
April 18, 2008.
Rehearing Denied June 20, 2008.
Certiorari Denied August 8, 2008. Alabama Supreme Court 1071339.
Deborah M. Nickson, Montgomery, for appellant.
D.A.P, pro se.
PER CURIAM.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(A), Ala. R.App. P.; Ex parte Montgomery County Dep't of Human Res., 982 So.2d 545, 552 (Ala.Civ.App.2007); J.S.M. v. P.J., 902 So.2d 89, 96 (Ala.Civ.App.2004); J.M. v. D.V., 877 So.2d 623, 627-28 (Ala.Civ.App. 2003); and Hannan v. Hannan, 676 So.2d 1340, 1342 (Ala.Civ.App. 1996).
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., dissents, with writing, which MOORE, J., joins.
BRYAN, Judge, dissenting.
In the present case, D.A.P. ("the father") sought a judgment awarding him custody of his two minor children born of his relationship with M.S. ("the mother"). This court affirms the judgment of the Montgomery Juvenile Court ("the juvenile court") awarding the father custody. Although *74 the father alleged that the children were dependent, the evidence presented at trial tended to establish, and the factual findings of the juvenile court's judgment indicate, that the children are not dependent. Furthermore, the parties, who are not married to each other, do not dispute that the father is the biological father of the children. Therefore, the cause is solely a custody dispute between two unmarried parents. Accordingly, I conclude that the juvenile court lacks power to adjudicate the father's custody petition. See L.L.M. v. J.M.T., 964 So.2d 66 (Ala.Civ. App.2007) (Bryan, J., dissenting) (concluding that the parties' factual stipulation of a father's paternity rendered that issue moot and, therefore, that the juvenile court lacked jurisdiction to adjudicate custody).
MOORE, J., concurs.