THOMAS, Judge.
 

 Carl Colburn Cheshire seeks a writ of mandamus directed to the Baldwin Circuit Court ordering that court to vacate its order striking his jury demand on claims asserted against Sandra Dawn Godbey and others in a pleading that Cheshire styled as an “amended counterclaim.” We grant the petition and issue the writ.
 

 In April 2009, in the Circuit Court of Baldwin County, Domestic Relations Division (“the domestic-relations court”), God-bey sued for a divorce from Cheshire. That same month, Cheshire answered the divorce complaint and counterclaimed for a divorce. In September 2009, Cheshire filed an “amended counterclaim” in which he asserted a claim alleging that Godbey had assaulted and battered him and seeking damages as a result; a claim seeking $30,000 plus interest from Godbey based on the fact that a check Godbey had issued to Cheshire had not been honored by God-bey’s bank; and a claim seeking to set aside as void a correction deed naming Godbey Chiropractic, P.C., instead of God-bey as grantee of the property containing the parties’ marital residence, asserting that Godbey had conspired with others in making the correction deed, and seeking damages on the conspiracy claim. Cheshire also sought to add as third-party defendants William D. Godbey and Dorothy H. Godbey, who, he alleged, were the grantors of the property in the challenged correction deed, and Godbey Chiropractic, P.C., which was the grantee in the challenged correction deed; Cheshire alleged that they had conspired with Godbey to make the correction deed so as to defeat Cheshire’s homestead interest in the marital residence. Cheshire demanded a trial
 
 *1247
 
 by jury on the claims asserted in his “amended counterclaim.”
 
 [1]
 

 On October 5, 2009, Godbey moved the trial court to strike Cheshire’s jury demand on the ground that parties to a divorce action were not entitled to a jury trial on that action.
 
 See Tyndal v. Howle,
 
 776 So.2d 128, 131 (Ala.Civ.App.1999),
 
 rev’d on other grounds,
 
 776 So.2d 133 (Ala.2000) (“[I]n Alabama, parties are not entitled to a trial by jury in a divorce action”). Cheshire then moved to have the counterclaims and the third-party claim raised in his amended counterclaim severed from the divorce action. On October 22, 2009, Godbey moved to dismiss the counterclaims and the third-party claim raised in Cheshire’s amended counterclaim.
 
 [2]
 

 The domestic-relations court denied Godbey’s motion to dismiss the counterclaims and the third-party claim. That court also granted Cheshire’s motion to sever the claims raised in the amended counterclaim and, accordingly, transferred those claims to the Circuit Court of Baldwin County, Civil Division (“the civil court”). The domestic-relations court declined to rule on the motion to strike Cheshire’s jury demand, instead transferring that motion to the civil court.
 

 Once the case was transferred to the civil court, Godbey, on December 21, 2009, moved to dismiss the claims raised in the amended counterclaim. She also filed a renewed motion to strike Cheshire’s jury demand, in which she also requested that the civil court remand the cause to the domestic-relations court. Cheshire filed responses in opposition to both motions. On March 2, 2010, the civil court granted Godbey’s motion to strike Cheshire’s jury demand and remanded the cause to the domestic-relations court. Cheshire filed a timely petition for the writ of mandamus in the Alabama Supreme Court.
 
 See
 
 Rule 21(a)(3), Ala. R.App. P. (stating that the presumptively reasonable time for seeking mandamus review of an interlocutory order is the same as the time for taking an appeal from a final judgment). Our supreme court transferred the petition to this court because that court determined that the petition fell within the appellate jurisdiction of this court.
 
 See
 
 Ala.Code 1975, § 12-1^1 (permitting any case submitted to the wrong appellate court to be transferred to the proper court), and § 12-3-11 (stating that the courts of appeal have original jurisdiction over extraordinary writs that arise in matters over which those courts have exclusive appellate jurisdiction).
 

 “A petition for a writ of mandamus is the appropriate method of challenging a trial court’s denial of a demand for a trial by jury.
 
 Ex parte Holt,
 
 599 So.2d 12 (Ala.1992). Mandamus is an extraordinary remedy, however, requiring a showing that there is: ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
 
 Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala.1991).”
 

 Ex parte Jackson,
 
 737 So.2d 452, 453 (Ala.1999).
 

 
 *1248
 
 Cheshire argues that he had a clear legal right to a jury trial on the claims asserted in his amended counterclaim. To determine whether a jury trial was properly demanded by Cheshire, we first turn to Rule 38(b), Ala. R. Civ. P., which provides:
 

 “Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue.”
 

 Although Cheshire first demanded a jury trial in his amended counterclaim, which was filed well after both the complaint and the original answer and counterclaim, his jury demand may still be timely because
 

 “ ‘[a]n amended or supplemental pleading sets in motion the thirty-day time period for demanding a jury trial for new issues raised in that pleading. However, the service of an amendment does not breathe new life into a previously waived right to jury trial if the amendment deals with the same issues framed in the original pleadings as to which a waiver has occurred.’ ”
 

 Ex parte Jackson,
 
 737 So.2d at 454 (quoting 1 Champ Lyons, Jr.,
 
 Alabama Rules of Civil Procedure
 
 § 38.6 (3d ed. 1996)).
 

 Godbey argues that the claims asserted by Cheshire in his amended counterclaim were not “new” and, therefore, that Cheshire’s amended counterclaim did not serve to set in motion a new 30-day period in which to timely make a jury demand. She contends first that the assault-and-battery claim is of the same character as claims asserted in her divorce complaint and that it arises from the same set of facts that formed one basis for her divorce complaint: that acts of physical violence had occurred between the parties during the marriage.
 
 [3]
 

 Godbey next asserts that Cheshire’s claim arising from the failure of her bank to honor her check “merely restates issues [that are] already part of the underlying action for divorce on the grounds of incompatibility.” Godbey explains, relying on
 
 Lipham v. Lipham,
 
 50 Ala.App. 583, 281 So.2d 437 (Ala.Civ.App.1973), that a trial court considering granting a divorce on the ground of incompatibility should consider “whether the marriage is characterized by financial difficulties,” among other things. Thus, according to Godbey, Cheshire’s counterclaim seeking $30,000 plus interest is not a “new” claim because the issue whether the parties suffered financial difficulties was already placed at issue by the divorce complaint.
 

 Finally, concerning Cheshire’s conspiracy claim regarding the correction deed, Godbey does not challenge the “newness” of this particular claim and therefore apparently concedes that, if this claim is a valid claim, the jury demand as to this claim was, in fact, timely. Instead, God-bey asserts that this particular claim is not triable by a jury because, she says, Cheshire is not an Alabama resident and cannot claim a homestead exemption.
 
 See James v. Thaggard,
 
 795 So.2d 738, 742 (Ala.Civ.App.2001) (quoting
 
 Sims v. Cox,
 
 611 So.2d 339, 340 (Ala.1992)) (stating that “ ‘[t]o qualify for the protection afforded
 
 *1249
 
 by Alabama’s homestead exemption, one must be a “resident” and must, in fact, occupy a “home” in the state of Alabama’ ”). Godbey’s argument is a factual argument that strikes at the heart of the merits of Cheshire’s claim, not at Cheshire’s right to demand a jury trial on that claim. Thus, we express no opinion on whether Cheshire may prevail on his conspiracy claim or whether he may properly claim a homestead exemption.
 

 We disagree with Godbey’s arguments that Cheshire’s amended counterclaim did not raise “new” issues and, thus, that his amended counterclaim did not begin a new 30-day period in which to demand a jury trial for the issues raised in that amended counterclaim. As our supreme court has explained, “[a] review of the cases wherein this Court has found that an amendment or later pleading raised a ‘new issue’ indicates that
 
 a new issue is one of an entirely different character from those already raised,
 
 or one based on a set of facts different from those that support the original claims.”
 
 Ex parte Twintech Indus., Inc.,
 
 558 So.2d 923, 925 (Ala.1990) (emphasis added). Although Godbey focuses on the fact that Cheshire’s claims are based on facts that also underlie the issues to be considered in the divorce action, she fails to recognize that Cheshire’s claims are of a different
 
 character
 
 than the divorce action itself.
 

 The present case is much like
 
 Ex parte Reynolds,
 
 447 So.2d 701 (Ala.1984), in which the plaintiff first requested that a mortgage foreclosure deed be declared void for lack of notice of the foreclosure sale or, in the alternative, that he be permitted to redeem the property.
 
 Ex parte Reynolds,
 
 447 So.2d at 702. After he received an affidavit that alerted him to the possibility that a fraud had been perpetrated, Reynolds amended his complaint to allege fraud and deceit.
 
 Id.
 
 Our supreme court concluded that the amendment of the complaint, which had originally contained only claims seeking
 
 equitable
 
 relief, to include
 
 legal
 
 claims seeking damages for fraud and deceit presented
 
 “new
 
 legal issues” and thus triggered a new 30-day period for making a jury demand under Rule 38(b).
 
 Id.
 
 at 703.
 

 In the present case, the original complaint and counterclaim, in which each party requested a divorce from the other, contained only equitable claims that did not entitle either party to a trial by jury.
 
 See Tyndal,
 
 776 So.2d at 131. Cheshire’s amended counterclaim, however, contains claims that are legal in nature and that entitle Cheshire to a trial by jury.
 
 See Finance, Inv. & Rediscount Co. v. Wells,
 
 409 So.2d 1341, 1343 (Ala.1981) (explaining that the right to jury trial is preserved by Ala. Const.1901, Art. I, § 11, “only with respect to those cases which would have been triable by jury at common law” and that, “[a]t common law, purely legal claims were guaranteed the right to a jury trial”). Because we conclude that Cheshire’s amended counterclaim raised new legal issues triable by a jury, Cheshire has demonstrated a clear legal right to a jury trial as to those claims raised in his amended counterclaim. We therefore grant the petition, issue the writ, and order the civil court to vacate its order striking Cheshire’s jury demand and remanding the cause to the domestic-relations court.
 

 PETITION GRANTED; WRIT ISSUED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Although the pleading Cheshire styled as an "amended counterclaim” operated both as a counterclaim and a third-party complaint,
 
 see
 
 Rule 7, Rule 13, and Rule 14, Ala. R. Civ. P., for purposes of this opinion we will refer to that pleading as an "amended counterclaim.”
 

 [2]
 

 . William Godbey, Dorothy Godbey, and God-bey Chiropractic, P.C., did not respond to the claim asserted against them in the amended counterclaim, and they have not filed an answer or brief in response to Cheshire's petition for the writ of mandamus.
 

 [3]
 

 . We do not consider Godbey to be arguing that the fact that the parties’ physical altercations are part of the allegations raised in support of a divorce on the ground of incompatibility precludes a separate action for assault and battery, because that is clearly not the case.
 
 See Ex parte Harrington,
 
 450 So.2d 99, 101 (Ala.1984) (holding in a case involving two separate actions, a divorce action and an assault and battery action, that the two actions were not the same cause of action despite the fact that the allegations of physical assault were raised in both).