Margaret E. Harrington filed a tort action against her husband James W. Harrington for $5,000,000.00 in the Circuit Court of Montgomery County on June 22, 1983. However, on April 14, 1983, Margaret Harrington had filed a divorce action in the Circuit Court of Elmore County, in which she alleged that:
 On or about, to-wit, February 4, 1983, James W. Harrington, Jr., the Husband, willfully and wantonly attacked the Wife, shooting her with a gun, causing severe personal injury to her person, rendering her a paraplegic, permanently paralyzed from the waist of her body to her feet. She was caused to be hospitalized for a long period of time and caused to suffer excruciating and severe mental and physical pain and anguish and the prognosis is that she will be confined to a wheelchair for the rest of her natural life and be caused to incur extensive costs and expenses for care, maintenance and treatment.
In her tort action, Margaret Harrington alleged:
 On or about, to-wit, the 4th day of February, at or near, to-wit, County Road 29 near Powell's Grocery in Elmore County, Alabama, the Defendant willfully *Page 100 
or wantonly shot the Plaintiff with a gun.
 As a proximate consequence of the Defendant's willful or wanton misconduct, the Plaintiff was caused to suffer the following injuries and damages:
 Plaintiff was seriously wounded and was caused to be hospitalized for a long period of time and has been permanently and severely injured and paralyzed from the waist down, she suffers severe pain and mental anguish and will continue to suffer severe pain and mental anguish and will be paralyzed for the rest of her natural life, she has been caused to incur large expenses for hospital, doctor and other medical treatment for her injuries, she has been permanently and severely injured and paralyzed and is unable to enjoy the normal pursuits of life and happiness, she will be confined to a wheelchair for the rest of her natural life and be caused to incur extensive costs and expenses for her care, maintenance, treatment and support, and she will continue to suffer excruciating mental and physical pain and anguish for the rest of her natural life.
James Harrington filed a motion to dismiss Margaret Harrington's tort action in the Montgomery Circuit Court, claiming that plaintiff had previously filed a case in the Circuit Court of Elmore County, which is presently pending, which alleges substantially the same facts and seeks substantially the same relief, and that venue was improper in Montgomery County.
After an ore tenus hearing on August 19, 1983, the Honorable Joseph D. Phelps, Circuit Judge of Montgomery County, entered an order denying defendant's motion. Defendant then filed this petition for writ of prohibition, mandamus, or other relief, invoking the supervisory powers of this court under Amendment 328, § 6.02, to the Alabama Constitution and § 12-2-7 of the Alabama Code.
Subsequent to the filing of defendant's petition for mandamus, defendant filed a motion in limine in the Circuit Court of Montgomery County, in which he alleged that he had "struck all allegations of improper venue from both his answer and counterclaim," and requested the Circuit Court to instruct the plaintiff and her counsel not to mention, refer to, interrogate concerning or attempt to convey to the jury in any manner the fact that improper venue actions had been struck from the answer and counterclaim. The case proceeded to trial and a jury verdict in favor of the plaintiff Margaret E. Harrington was returned on the 1st day of March 1984.
As a result of the actions of the defendant concerning the venue allegations in his motion, Margaret Harrington has asked us to dismiss James Harrington's petition for mandamus on the ground that her husband's actions have rendered his petition filed with us moot. Plaintiff's petition for writ of mandamus, prohibition, or other relief is due to be denied.
In order for defendant Harrington to prevail on his petition for writ of mandamus or other relief, he is obligated to convince this court that Margaret Harrington is or was pursuing the same cause of action in two distinct courts, and/or that venue was not proper in Montgomery County because in truth and fact James Harrington was a permanent resident of Elmore County.
We will address petitioner's first contention first. Fortunately, we have been provided with excellent briefs by the parties. Petitioner relies heavily on our decision in Terrellv. City of Bessemer, 406 So.2d 337 (Ala. 1981). The petitioner quotes the following from Terrell:
 In Sessions v. Jack Cole Co., 276 Ala. 10 at 12, 158 So.2d 652 at 654 (1963), this court, quoting with approval from Chappell v. Boykin, 41 Ala. App. 137, 140, 127 So.2d 636, 638 (1960), cert. denied 271 Ala. 697, 127 So.2d 641 (1961), interpreting the rule against splitting one's cause of action, observed that "a `cause of action' grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act." This court stated also that application of *Page 101 
this rule is guided by "whether a judgment in one suit would be res judicata of the other." Sessions, 276 Ala. at 12, 158 So.2d at 654.
 Plaintiff's state and federal actions arise from the same alleged fact situation. Although plaintiff's state court action was instituted on different theories of recovery, these theories are not different causes of action in the context of the rule against splitting a cause of action. A cause of action may give rise to one [or] more theories of recovery. It has been recognized that where a single wrong leads to an action under state law and leads to an action under federal law, there is but one wrong and one cause of action.
Id. at 339.
Petitioner states that the wrongful act in both the Montgomery County and the Elmore County cases is the shooting of the plaintiff. He further contends that the only difference in the two actions is the form of relief sought in the two cases. In Elmore County, the relief sought is an award of "any and all real or personal property in which the husband may own an interest." In Montgomery County, the relief sought is $5,000,000.00. Petitioner argues that since the form of relief does not determine whether there are two causes of action, and there was only one wrong, Mrs. Harrington's suit in Montgomery County is prohibited by our decision in Terrell, and by Code 1975, § 6-5-440.
In other words, petitioner contends that if there has been an assault and battery on a wife and a divorce action is filed, the wife should not be allowed to file a separate suit for assault and battery, but should be required to join her claim of assault and battery in her divorce action. This is true, he says, since with the merger of law and equity, "[a] party asserting a claim to relief . . . may join . . . as many claims either legal or equitable, or both, as he has against an opposing party." A.R.Civ.P. 18; Underwood v. Jarvis,358 So.2d 731, 736-37 (1978).
But, as ingenious as petitioner's argument is, we are constrained to agree with Mrs. Harrington that the divorce action in Elmore County is simply not the same cause of action as her action in Montgomery County for assault and battery. We agree with her that the issues before the Elmore County court include the following:
(1) divorce — termination of the marriage res
(a) incompatibility
(b) irretrievable breakdown of the marriage
(c) actual violence
(d) habitual drunkenness
(2) property division
(3) alimony
(4) child custody and support
(5) attorney's fees
In the tort action in Montgomery County, the issues involved are:
(1) the nature of the wrong committed by defendant;
 (2) the amount of compensatory damages recoverable by plaintiff;
 (3) the amount of punitive damages recoverable by plaintiff;
 (4) a determination by a jury of all of the factual issues set forth.
In order to determine whether causes of action are the same, the courts have developed certain tests. Two of these tests are: (1) res judicata, and (2) same evidence test. We addressed both of these tests in our decision in Braggs v. Jim SkinnerFord, Inc., 432 So.2d 466 (Ala. 1983). There, plaintiff filed a suit based on Mini-Code and Truth-In-Lending Act claims. Subsequently, plaintiff filed a suit alleging fraud and misrepresentation and breach of warranty. There we held that since substantially different evidence supported each of plaintiff's actions, suit on the Mini-Code and Truth-In-Lending Act claims did not necessarily bar plaintiff's claims for fraud and misrepresentation and breach of warranty. We are of the opinion that the reasoning of that case applies with equal force in the instant case. The mere fact that plaintiff included in her divorce action *Page 102 
a charge that defendant assaulted her does not make the divorce action a cause of action identical to the assault and battery action brought in Montgomery County. To find persuasion in that argument would mean that we would have had to conclude, inBraggs, that suit under the Truth-In-Lending Act barred a suit for fraud and misrepresentation and breach of warranty. Therefore, the petition for writ of mandamus and prohibition based on identical causes of action is due to be denied.
We now address petitioner's second issue, namely, that he was a permanent resident of Elmore County, and, therefore, was not properly sued in Montgomery County because the tort sued for did not occur in Montgomery County and he did not reside there. The trial judge took testimony on this issue and concluded that the petitioner was a resident of Montgomery County at the time the tort action was filed. We have reviewed the testimony offered at the hearing, including Mr. Harrington's testimony that he admitted that he had lived in Montgomery County and moved to Elmore County for four years and then moved back to Montgomery County. We also note that there was evidence that in March 1982, Mr. Harrington moved into the Grove Court apartments in Montgomery County, signed a lease, and paid rent there. Furthermore, he moved from there to The Meadows apartments in Montgomery and gave that address to the operators of the Grove Court apartments. Where a trial judge hears oretenus evidence, his findings are presumed to be correct and will not be disturbed unless palpably wrong. Stallworth v.First National Bank of Mobile, 432 So.2d 1222, 1224 (Ala. 1983).
We are of the opinion that the evidence quoted above, together with further evidence in the record, leaves no doubt that the trial judge was well within his authority in determining that petitioner was, and is, a resident of Montgomery County.
Therefore, as to petitioner's second issue, as well as the first, the writ of mandamus must be denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.