Plaintiff, Reba Jackson, appeals from the grant of summary judgment against her and in favor of her former husband in her action to recover damages for assault and battery. We affirm.
The record discloses that Reba D. Hall and Wilber D. Hall were married to each other on May 27, 1982. On December 17, 1982, Reba filed a complaint for a divorce from Wilber. Her petition included averments of physical violence and a request for a restraining order. The restraining order was granted and a hearing on the merits was set for February 22, 1983. On February 1, 1983, however, Reba moved for a dismissal of the complaint on the ground of reconciliation. This motion was granted and the case was dismissed on February 4, 1983.
Then, on March 4, 1983, Wilber Hall filed a complaint for a divorce. On that same date, both parties executed an acceptance of service, answer, waiver, and agreement which they requested that the court approve. The agreement contained provisions relating to the parties' personal and real property, their joint tax return, and also contained the following statement:
 "In full settlement of all claims between the parties, the Wife does hereby accept the sum of $2300.00. . . .
 "This is a full, final and complete settlement of all property matters and other matters between the parties. . . ."
The divorce decree was granted on March 7, 1983, with the trial court having ratified, approved, and incorporated the agreement as part of the final divorce decree.
Almost one year later, on February 1, 1984, Reba, having remarried and become Reba Jackson, brought an action for assault and battery against her former husband, Wilber D. Hall, alleging that:
 "On to-wit: August 18, 1982, the defendant willfully and wantonly assaulted and beat the plaintiff unlawfully, maliciously and violently. . . ."
The date laid for the assault, August 18, 1982, falls within the period of plaintiff's marriage to Hall and prior to the dates of the agreement and divorce decree. Wilber Hall answered by pleading the agreement and decree as a release, and also pleading the statute of limitations and res judicata. Wilber also moved for summary judgment. By affidavit, Reba denied any agreement involving personal injuries and damages.
After considering the arguments of counsel, affidavits, pleadings, and court files on the cases involving the two parties, the *Page 1292 
trial court granted the defendant's motion for summary judgment. This appeal ensued.
In Johnson v. Johnson, 201 Ala. 41, 77 So. 335 (1917), this Court recognized a statutory modification of the common law prohibition of such an action by virtue of Section 4493, Code 1907 ("The wife must sue alone . . . for injuries to such property . . . or for all injuries to her person or reputation"), Section 4489 ("All damages which the wife may be entitled to recover for injuries to her person or reputation are her separate property"), and other sections more or less bearing on the wife's separate capacity. The question here, however, is whether or not that action is barred under the material before the trial court on the summary judgment motion. The answer to this question depends upon the construction of the agreement of the parties and the effect of the divorce decree.
The construction of the written agreement is a function of the court. In Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190, 1194 (Ala. 1978), the well-established rule was stated thusly:
 "If the document is unambiguous, its construction and legal effect is a question of law which may be decided, under appropriate circumstances, by summary judgment. . . ."
Here, the agreement between the parties, clear and unambiguous, was that "[i]n full settlement of all claims between the parties, the Wife does hereby accept the sum of $2300.00," and that agreement was expressly made a "full, final and complete settlement of all property matters and other matters between the parties." One of those matters was the wife's cause of action for assault and battery. The language of the agreement clearly demonstrates an intent on the part of plaintiff to make a final settlement of "all claims," including her claim for assault and battery. "All claims" means just that. See Williamsv. McMillan, 352 So.2d 1347 (Ala. 1977); Moore v. Stephens,264 Ala. 86, 84 So.2d 752 (1956).
This agreement was merged into the divorce decree and thus became a part of that decree, final and not subject to modification. Cf. Rickman v. Rickman, 266 Ala. 371,96 So.2d 674 (1957); Davis v. Cole, 399 So.2d 309 (Ala.Civ.App. 1981). Thus, the question of liability for a pre-existing cause of action for an assault by one spouse against the other was decided in the divorce action. In Wheeler, supra, at 1199, the elements of res judicata were explained:
 "(1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. . . ."
In this case, the first three elements are easily perceived. The fourth element, as explained in Wheeler, supra, at 1200, is met when "substantially the same evidence supports both actions." That is the case here. The parties' affidavits and pleadings, including the agreement, were the evidentiary basis for the divorce. In the later assault action, the trial court considered the divorce proceedings and Reba's additional affidavit. Thus, the four elements of res judicata were met, and "the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action." Wheeler,supra, at 1199. The trial court, accordingly, was correct in granting summary judgment in favor of defendant in the plaintiff's assault claim.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 1293