503 So.2d 830 (1987)
Herbert A. WEIL
v.
Dorothy S. LAMMON.
85-788.
Supreme Court of Alabama.
February 13, 1987.
*831 John L. Capell III and J. Lister Hubbard of Capell, Howard, Knabe & Cobbs, Montgomery, for appellant.
Maury D. Smith and William P. Cobb II of Balch & Bingham, Montgomery, for appellee.
SHORES, Justice.
Herbert A. Weil and Dorothy S. Lammon were married in the latter part of 1985. The marriage endured for little more than 30 days. The husband filed a petition for divorce in the Circuit Court of Montgomery County. The wife filed an answer and counterclaim to the divorce petition in which she said: "The Wife avers the Husband, through misrepresentation and deceit, encouraged her to terminate her prior marriage and stated he would take care of her financially for the remainder of her life. The Wife relied on the statements and representations made by the Husband."
The divorce action proceeded to trial and resulted, on December 26, 1985, in a decree of divorce and an award of $1,000 alimony in gross to the wife. Following the entry of this decree on January 15,1986, the wife filed a motion to alter, amend or vacate the judgment, alleging that the award to her of only $1,000 constituted a gross abuse of discretion. Specifically she argued:
"Mrs. Weil was awarded only alimony in gross of $1,000.00 by virtue of the Court's December 26, 1985, Order. In light of the totally uncontroverted testimony of both parties at trial with relation to the fraud practiced upon Mrs. Weil by Dr. Weil, and his admitted propensity to become physically and emotionally involved with female nurses or hospital employees, such as Mrs. Weil, we respectfully submit that the menial amount awarded to her is inequitable. If your honor will remember, Dr. Weil did not deny or even attempt to contradict Mrs. Weil's testimony concerning the representations made by him, to her, with respect to his intentions to genuinely and faithfully carry on the marital relationship and support her and the children to the best of his ability. Mrs. Weil, without regard for her own lack of good judgment in believing the doctor, is clearly the victim of a fraudulent scheme whereby Dr. Weil enticed her to marry him, probably solely for the doctor's sexual gratification.... It is our position that the Court should have punished Dr. Weil for his deceit, in order to make it clear to him that further conduct of this character would absolutely not be tolerated.... Where the Husband is guilty of wanton or wicked conduct toward his Wife, the allowance to her must be as liberal as the estate of the Husband will permit under all circumstances.... Here the conduct of Dr. Weil was both wicked and wanton.... We respectfully submit that this case requires the entry of a substantial alimony in gross or periodic alimony award to Mrs. Weil in order to adequately compensate her for the damage done to her as a result of Dr. Weil's fraud, the wicked and wanton manner in which he treated her during the brief time they lived together, and to punish Dr. Weil to some degree, to discourage further activity of this kind on his part."
Before the court ruled on the wife's motion to alter, amend or vacate the judgment (which occurred on March 3, 1986, when it denied the motion), on January 22, 1986, the wife filed a complaint against the husband, also in the Circuit Court of Montgomery County, claiming damages based upon the alleged fraud and deceit on the part of the husband in misrepresenting that he would take care of the wife financially for the rest of her life if she married him. The wife sought compensatory and punitive damages.
The husband filed a motion to dismiss the complaint on the grounds that res judicata or collateral estoppel barred the action. The trial court denied the motion. The husband then sought and this court granted permission to appeal the trial court's order denying his motion to dismiss.
We reverse the order of the trial court.
We hold that where a spouse's alleged fraud, misrepresentation, or deceit is made *832 an issue in the divorce action, as it was here, such conduct will not supply the basis for a subsequent action for damages.
In this case the wife asserted the alleged fraud and misrepresentation of her husband in support of her claim for alimony. This she had a right to do, as his conduct toward her was a matter for the Court's consideration on the issue of alimony. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184 (1950). She may not thereafter bring an action for damages based upon the same allegations. In Jackson v. Hall, 460 So.2d 1290 (Ala.1984), the Court held that a prior divorce judgment was an absolute bar to a subsequent tort action for damages based upon an alleged assault and battery which had been one of the grounds for the divorce. The court expressly held that under those circumstances res judicata barred the wife's action. The same result is compelled under the facts of this case.
With the merger of law and equity, and given the liberal joinder allowed by the Alabama Rules of Civil Procedure, there is no reason why all known claims between spouses in a divorce action should not be settled in that litigation.
The judgment of the trial court is reversed and the cause is remanded for entry of a judgment dismissing the wife's action.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY and STEAGALL, JJ., concur.
ADAMS, J., concurs specially.
HOUSTON, J., recused.
ADAMS, Justice (concurring specially).
I am compelled to concur specially. Although I agree with the result reached given the peculiar facts in this case, I am not of the opinion that a final decree in a divorce case necessarily forecloses every cause of action that could exist between the former husband and wife. A strict interpretation of our modern Rules of Civil Procedure would, however, require such a result.
In Ex parte Harrington, 450 So.2d 99 (Ala.1984), we allowed a wife to file suit for assault and battery in the Circuit Court of Montgomery County, although she had filed a divorce action in Elmore County in which she had claimed as grounds for divorce (a) incompatibility, (b) irretrievable breakdown of the marriage, (c) actual violence, and (d) habitual drunkenness. At the time the action was filed in Montgomery, the Elmore County case was still pending.
I am of the opinion that actions for divorce are sui generis. To rule that in every divorce case a party's cause of action must be litigated in that proceeding, of necessity, would deny the right to trial by jury. Trial by jury is not provided for in divorce actions in Alabama.
Where the sole ground for the divorce, as here, (fraudulent misrepresentation) is fully litigated in a divorce proceeding, I would hold that a party is foreclosed from relitigating that cause of action in another forum. Also, where the parties agree on a settlement of all claims arising out of the marital contract, I would hold the settlement would be a bar to any future litigation. Jackson v. Hall, 460 So.2d 1290 (Ala. 1984).