I am compelled to concur specially. Although I agree with the result reached given the peculiar facts in this case, I am not of the opinion that a final decree in a divorce case necessarily forecloses every cause of action that could exist between the former husband and wife. A strict interpretation of our modern Rules of Civil Procedure would, however, require such a result.
In Ex parte Harrington, 450 So.2d 99 (Ala. 1984), we allowed a wife to file suit for assault and battery in the Circuit Court of Montgomery County, although she had filed a divorce action in Elmore County in which she had claimed as grounds for divorce (a) incompatibility, (b) irretrievable breakdown of the marriage, (c) actual violence, and (d) habitual drunkenness. At the time the action was filed in Montgomery, the Elmore County case was still pending.
I am of the opinion that actions for divorce are sui generis.
To rule that in every divorce case a party's cause of action must be litigated in that proceeding, of necessity, would deny the right to trial by jury. Trial by jury is not provided for in divorce actions in Alabama.
Where the sole ground for the divorce, as here, (fraudulent misrepresentation) is fully litigated in a divorce proceeding, I would hold that a party is foreclosed from relitigating that cause of action in another forum. Also, where the parties agree on a settlement of all claims arising out of the marital contract, I would hold the settlement would be a bar to any future litigation. Jackson v. Hall, 460 So.2d 1290 (Ala. 1984).