This is an appeal by Virginia Ann Smith from the Montgomery Circuit Court's summary judgment in favor of her former husband, Sam A. Smith. We affirm.
Virginia Ann Smith and Sam A. Smith were married on May 7, 1966, and lived together as husband and wife for about 18 years. In 1985, Sam Smith sued for a divorce. However, before the final judgment of divorce was entered, Virginia Smith filed the case sub judice, seeking damages for assaults and batteries *Page 1390 
perpetrated against her by her husband. She claims that she was assaulted and battered by Sam Smith to such an extent that she suffered a ruptured disc in her cervical vertebrae and has had to undergo several operations, including a surgical fusion of the vertebrae and a surgical removal of a rib.
In the divorce action, Mrs. Smith filed a counterclaim in which she alleged some of the claims she is making in the present suit. In that counterclaim, Mrs. Smith alleged the following:
 c. . . . [T]hat the Wife avers that the Husband, has since their marriage, committed actual violence on her person attended with danger to her life or health and from his conduct toward her there is reasonable apprehension that there will be further violence. The most recent date of . . . said violence was in July of 1984 when the Husband beat the Wife to such an extent that he ruptured her disc which required extensive surgery for a surgical fusion and the Wife is still suffering to this date from the pain caused from this incident.
Mr. Smith's brief sets forth certain facts concerning the divorce case that have not been contradicted by Mrs. Smith. In his brief he states:
 Extensive settlement negotiations were carried on between the parties and their respective attorneys. Central to those negotiations was the fact of Mrs. Smith's injuries and the resulting problem with regard to her need for continued health insurance and payment of medical bills. The parties reached an agreement as to the majority of the issues raised by the pleadings, specifically including the issue of physical cruelty and the wife's injuries. The court was informed of the terms of the agreement at the time the case was set for hearing. Testimony was taken with regard to the only disputed issues, which dealt with personal property and life insurance. The court approved the settlement, which in essence gave the wife the vast majority of the assets owned by the parties. The court's order dated October 25, 1985, incorporated the terms of the settlement agreement. As a part of the settlement, the parties agreed that a final decree of divorce not be entered. All issues, however, were decided by the order.
 The parties agreed to ask the court to withhold the granting of a final decree of divorce so that Mrs. Smith could remain covered by Mr. Smith's health insurance policy. This was a central consideration in arriving at the settlement. Indeed, when Mr. Smith subsequently asked the court to grant a final decree of divorce, Mrs. Smith responded by setting forth in detail her need for the continuation of such coverage. The court's order of March 4, 1986 continued its jurisdiction over the dissolution of the marital res for a period of time to be agreed upon by counsel after consultation with Mrs. Smith's physician regarding the necessity of future surgery.
Mrs. Smith argues that this case is controlled by this Court's decision in Ex parte Harrington, 450 So.2d 99 (Ala. 1984). With equal vigor, Mr. Smith contends that this case is controlled by our recent decision in Weil v. Lammon,503 So.2d 830 (Ala. 1987), along with our decision in Jackson v. Hall,460 So.2d 1290 (Ala. 1984).
In Ex parte Harrington, supra, we allowed a wife to file a suit for assault and battery in the Circuit Court of Montgomery County, although she had filed a divorce complaint in Elmore County in which she had described the same operative facts concerning the violence perpetrated on her by her husband as were alleged in the tort action. The Montgomery action was filed before a final judgment was entered in the divorce case, and there was no settlement agreement of the parties in the case, nor was the issue of assault and battery completely litigated.
In Jackson v. Hall, supra, the wife sued her former husband to recover damages for assault and battery. Prior to the institution of that action, she had signed an agreement accepting $2,300.00 in full and final settlement of all property matters and other matters between the parties. This agreement was made a part of the divorce *Page 1391 
judgment and was merged in it. We held that under such circumstances, the wife was barred by reason of the divorce judgment from relitigating her claims of assault and battery.
In Weil v. Lammon, supra, the wife attempted to file a new cause of action claiming fraud and misrepresentation on the part of her former husband — that he had encouraged her to terminate her prior marriage and stated to her that he would take care of her financially for the remainder of her life. Within 30 days after the marriage, he sued for divorce, which was granted. The issue of fraud and misrepresentation was made the basis of the wife's counterclaim in the divorce case and was fully litigated in that case. Under the circumstances of that case, we held that the wife was barred by reason of resjudicata from relitigating the fraud claim, but we did not overrule the case of Ex parte Harrington, supra, leaving for it a field of operation where there has not been a settlement of all claims by the parties, or a claim fully litigated in a divorce case that had proceeded to a final judgment.
Under the circumstances of this case, Ex parte Harrington, supra, is not applicable. The facts in this case are that the parties entered into extensive settlement negotiations and that central to those negotiations was the fact that Mrs. Smith had injuries resulting from the marriage and had need to be compensated in some way for those injuries. Although the settlement was not in writing, it is clear that the parties reached a settlement on this matter. Furthermore, the wife asked court to delay the final judgment so that she could remain covered by her husband's health insurance policy in the event that she required future surgery, and the court acquiesced in that request.
Having taken the position that Mrs. Smith did in the divorce action, she is now estopped from relitigating matters that were settled in that action.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.
 *Page 192