The circuit court entered a summary judgment in favor of Mardis Howle on an assault-and-battery claim brought against him by his former wife, Lanier Harris Tyndal. The Court of Civil Appeals reversed the summary judgment. See Tyndal v. Howle,776 So.2d 128 (Ala.Civ.App. 1999). We granted Mardis Howle's petition for certiorari review. Because we hold that the claim is barred by the doctrine of res judicata and that the trial court, therefore, correctly entered a summary judgment in favor of Howle, we reverse the judgment of the Court of Civil Appeals.
 I.
Tyndal and Howle married in June 1991 and separated in June 1994. In July 1994, Tyndal sued Howle in the Jefferson Circuit Court, seeking a divorce and also seeking damages for an alleged assault and battery that she said had occurred on June 30, 1994. She demanded a jury trial on her assault-and-battery claim. The circuit judge severed that claim and transferred it from the "domestic relations division" *Page 134 
of the circuit court to the "civil division."
At the divorce trial, Tyndal testified that on June 30, 1994, Howle hit her and injured her.[1] In July 1996, the domestic-relations judge entered a final judgment of divorce, awarding Tyndal $5,000 of the proceeds from the sale of the marital home, $7,500 in alimony, and "$1,500 for any dental and/or doctor bills incurred by her as a result of the [husband']s striking [her] on or about the date of their separation [namely, June 30, 1994]." The judgment states that the lump-sum alimony award was to serve "as a full settlement of all claims now existing between [the] parties."
Tyndal moved to alter, vacate, or amend the judgment. The domestic-relations division judge denied that motion, and she appealed to the Court of Civil Appeals, arguing, among other things, that the domestic-relations judge should have stricken the language referring to the alimony as "a full settlement and satisfaction of all claims," because her assault-and-battery claim was still pending in the civil division of the circuit court. Howle v. Howle, 699 So.2d 177, 179 (Ala.Civ.App. 1997). The Court of Civil Appeals affirmed the judgment, concluding that "the wife may have a viable claim for assault and battery separate from her divorce action." The Court of Civil Appeals "read [the language the wife objected to] as a reference to only those claims still before the judge after the assault and battery claim had been severed." Id. The Court of Civil Appeals further stated that "[w]hether [the assault-and-battery] claim may proceed or whether it is barred by the doctrine of res judicata is to be determined by the judge to whom that claim is assigned, and not by the judge who presided over the divorce matters." Id.
In August 1997, Howle paid Tyndal the amounts he owed her pursuant to the judgment, including the $1,500 for medical expenses resulting from the battery. Tyndal accepted those payments.
Howle moved for a summary judgment on Tyndal's assault-and-battery claim pending before the civil-division judge, arguing that that claim was barred by the doctrine of res judicata or the doctrine of accord and satisfaction. The civil-division judge granted Howle's motion. Tyndal appealed to this Court, and this Court transferred the appeal to the Court of Civil Appeals. The Court of Civil Appeals reversed the circuit court's summary judgment, holding that Tyndal's assault-and-battery claim was not barred by the doctrine of res judicata or the doctrine of accord and satisfaction.[2] That court reasoned that the doctrine of res judicata did not apply because the trial court had not "adjudicated all of the issues related to the wife's [assault-and-battery] claim." Tyndal v. Howle, 776 So.2d at 130. That court further reasoned that the doctrine of accord and satisfaction did not apply because the parties did not settle Tyndal's assault-and-battery claim by reaching a meeting of the minds. Id. at 131.
 II.
Howle argues that the Court of Civil Appeals erred in reversing the circuit court's judgment because, he argues, Tyndal's assault-and-battery claim is barred by the doctrine of res judicata. We agree.[3] *Page 135 
This Court has held that "[f]or a claim to be barred by the doctrine of res judicata, there must be `(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.'" Boh Bros. Constr.Co. v. Nelson, 730 So.2d 132, 133 (Ala. 1999) (quoting Parmaterv. Amcord, Inc., 699 So.2d 1238, 1240 (Ala. 1997)). The first three elements are clearly satisfied — the divorce judgment is a prior judgment on the merits rendered by a court of competent jurisdiction in an action between the same parties. Thus, the issue is whether Tyndal's assault-and-battery claim was presented in the divorce action.
This Court has considered whether a former wife's tort claim against her former husband was barred under the doctrine of res judicata after a final judgment of divorce. In Ex parteHarrington, 450 So.2d 99 (Ala. 1984), a man petitioned this Court for a writ of mandamus or other relief, seeking to bar his former wife from pursuing an assault-and-battery claim against him. 450 So.2d at 100. The man argued that the former wife should have been required to join — in her divorce action — her assault-and-battery claim, which arose out of his shooting her and rendering her a paraplegic. Id. at 101. This Court held that "[t]he mere fact that plaintiff included in her divorce action a charge that defendant assaulted her does not make the divorce action [an] action identical to the assault and battery action." Id. at 101-02. Rather, this Court reasoned, the tort claim could be brought in a separate action if "substantially different evidence supported each of [the] plaintiff's actions." Id. at 101.
Later in the same year it decided Harrington, this Court decided Jackson v. Hall, 460 So.2d 1290 (Ala. 1984), holding that a former wife's assault-and-battery claim was barred because she had accepted $2,300 "in full settlement of all claims between the parties." 460 So.2d at 1292. This Court reiterated that the fourth element of res judicata — that "the same cause of action [is] present in both suits" — is met when "substantially the same evidence supports both actions." Id.
Similarly, in Weil v. Lammon, 503 So.2d 830 (Ala. 1987), this Court held that a former wife's fraud claim against her former husband was barred. This Court reasoned that because the former wife had "asserted the alleged fraud and misrepresentation of her husband in support of her claim for alimony," she could not "thereafter bring an action for damages based upon the same allegations." 503 So.2d at 832. In Weil, this Court relied onJackson, supra, stating that in Jackson this Court had held that "a prior divorce judgment was an absolute bar to a subsequent tort action for damages based upon an alleged assault and battery which had been one of the grounds for the divorce." Id. at 832.
In Smith v. Smith, 530 So.2d 1389 (Ala. 1988), this Court held that a former wife was estopped from pursuing her assault-and-battery claim against her former husband. 530 So.2d at 1391. The parties had reached a settlement agreement whereby they "agreed to ask the court to withhold the granting of a final decree of divorce so that [the former wife] could remain covered by [the former husband's] insurance policy." Id. at 1390. Because, in the divorce settlement, the wife accepted compensation in the form of medical coverage for injuries related to the husband's alleged battery of her, this Court held that she could not later pursue her assault-and-battery claim, even though she had filed that claim before the final judgment of divorce was entered. Id. at 1391. In Smith, this Court stated that it had not overruled Harrington in Weil, but that the Harrington
principle — that a divorce judgment does not necessarily preclude a subsequent tort action by one former spouse against the other — still applied "where there has not been a settlement of all claims by the parties, or a claim fully litigated in a divorce case that had proceeded to a final judgment." Id. *Page 136 
In Coleman v. Coleman, 566 So.2d 482 (Ala. 1990), this Court held that a former wife's claim alleging "negligent or wanton transmission of a venereal disease," 566 So.2d at 483, was barred because the former wife knew during the divorce proceedings that her husband had given her a venereal disease, had used that fact "as leverage in her divorce settlement," 566 So.2d at 485, and had expressly released her former husband "from any and all claims and demands . . . for the settlement of property rights," 566 So.2d at 483. This Court stated that there was no "general rule that a divorce action routinely precludes a former spouse from suing the other in tort based upon acts that occurred during the marriage" but that "each case must be examined on its own facts and circumstances." Id. at 485. This Court further stated that the former wife could have preserved her claim for damages by expressly reserving that claim from the settlement. Id. Also, this Court expressly approved the procedure of severing a spouse's tort claim from a divorce action so that the tort claim can be tried to a jury. Id. at 486.
The present case presents a unique situation. When the divorce court severs an assault-and-battery claim from a divorce action, but in the divorce trial the spouse seeking the divorce nevertheless introduces evidence indicating that the other spouse hit her and injured her, the divorce court awards the injured spouse compensation for medical expenses relating to that injury, and the injured spouse accepts the other spouse's payment of that award, is the injured spouse's assault-and-battery claim barred under the doctrine of res judicata? On the unique facts of this case, we conclude that Tyndal's assault-and-battery claim is barred under the doctrine of res judicata.
First, Tyndal asserted, in support of her claim for alimony, that Howle had battered her, and she thereby made the alleged battery an issue in the divorce action. See Weil, 503 So.2d at 831-32 (holding that when one spouse makes the alleged tortious conduct of the other spouse "an issue in the divorce action, . . . such conduct will not supply the basis for a subsequent action for damages"). Second, the divorce court ordered Howle to pay Tyndal $1,500 to compensate her for medical expenses she had incurred as a result of the battery, and she accepted his payment. The general rule against claim-splitting prohibits Tyndal from recovering medical expenses in one action and additional damages in a separate action based on the same evidence that supported the award of compensation for medical expenses. See Harrington, 450 So.2d at 100 (stating that "`a "cause of action" grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act'" (quoting Terrell v. City ofBessemer, 406 So.2d 337, 339 (Ala. 1981))).
 III.
Tyndal reserved the issue of the alleged battery and that issue was severed; Tyndal, nevertheless, raised that issue in the divorce action and, as a result of the judgment in that action, accepted payment of medical expenses related to the alleged battery. Had she adhered to her reservation of the issue of the alleged battery, this would be a different case. However, on the facts of this case, the trial court correctly entered the summary judgment in favor of Howle on Tyndal's assault-and-battery claim because that claim is barred by the doctrine of res judicata. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the case for that court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Although Tyndal testified to other alleged batteries in October 1993 and April 1994, her assault-and-battery claim related only to the June 1994 incident.
[2] Judge Monroe filed a dissenting opinion, in which Judge Yates concurred, arguing that Tyndal's assault-and-battery claim was barred by the doctrine of res judicata because: (1) in the divorce action, Tyndal testified in great detail about the alleged battery and her resulting injuries, and (2) the trial court awarded the wife $1,500 for medical expenses resulting from the alleged battery.
[3] Howle also argues that Tyndal's assault-and-battery claim is barred by the doctrine of accord and satisfaction. We need not address that argument. *Page 137