THOMPSON, Presiding Judge.
Suzette Osborne (“the wife”) appeals from a summary judgment the Houston Circuit Court (“the trial court”) entered in favor of Andrew Osborne (“the husband”). Specifically, the trial court found that the wife’s assault-and-battery claim against the husband in the underlying civil action (“the civil action”) was barred by the doctrine of res judicata, and, thus, it entered a summary judgment in favor of the husband on the wife’s assault-and-battery claim in the civil action.
The record indicates the following. The parties were married in 2004. During the course of the marriage, the husband had physically abused the wife. As the result of an incident that occurred on October 19, 2010, the husband was convicted of domestic abuse in the second degree, which is a felony offense. On October 22, 2010, the wife filed an action in the trial court seeking a divorce from the husband (“the divorce action”). One of the grounds asserted in the divorce action was that the husband had physically and emotionally abused the wife; the details of the October 19, 2010, incident were set forth in the divorce complaint.
On October 18, 2012, after a trial that included testimony regarding the October 19, 2010, incident and other instances of abuse, the trial court entered a judgment divorcing the parties on the ground of incompatibility of temperament. In the divorce judgment, the trial court, among other things, divided the marital assets and ordered the husband to pay the wife $4,200 a month in periodic alimony.[1] The *1239 day after the divorce judgment was entered, October 19, 2012, the wife filed the civil action.
In the civil action, the wife alleged that, on October 19, 2010, the husband beat the wife, “causing her to suffer severe and permanent physical injuries, emotional distress, mental anguish, pain and suffering, scarring, disfigurement, and medical expenses .... ” The wife sought compensatory and punitive damages and demanded a jury trial. The husband filed a counterclaim against the wife, alleging assault and battery, defamation, malicious prosecution, and abuse of process.
On February 7, 2014, the husband filed a motion to dismiss the wife’s assault-and-battery claim in the civil action, arguing that the matter of the October 19, 2010, assault and battery had been litigated in the divorce action and had been considered by the trial court when it fashioned its property-division, child-support, and periodic-alimony awards. Thus, the husband contended, the wife’s assault-and-battery claim was barred by the doctrine of res judicata. The wife opposed the husband’s motion, arguing that the divorce action and her claim of assault and battery were not the same cause of action, that they sought different forms of damages, and that she had not received any compensation from the husband for the injuries she had suffered in the October 19, 2010, incident. Because both the husband and the wife attached exhibits to their respective motions, the trial court treated the husband’s motion to dismiss as a motion for a summary judgment.
On June 9, 2014, the trial court entered a summary judgment in favor of the husband as to the wife’s assault-and-battery claim in the civil action. In the judgment, the trial court found:
“The parties’ divorce [judgment] does not specifically address the assault and battery claims. However, it is undisputed that the husband’s assault upon the wife was listed among the wife’s grounds for divorce within her complaint. It is also undisputed that, at the divorce trial, the wife presented evidence relating to the assault, including medical testimony relating to her injuries allegedly suffered therefrom.”
The trial court further found that “the status of the law on this topic (i.e. res judicata as applied to civil claims post divorce) involves a controlling question of law as to which there is substantial ground for difference of opinion.” Nevertheless, the trial court determined that the wife’s assault-and-battery claim in the civil action was barred by the doctrine of res judicata.
The judgment of June 9, 2014, did not address the husband’s counterclaims against the wife. On June 11, 2014, the trial court certified to the Alabama Supreme Court that the wife’s assault-and-battery claim in the civil action involved a controlling question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal from the order would materially advance the ultimate termination of the litigation. The wife filed a petition seeking permission from our supreme court to appeal from the June 9, 2014, order. See Rule 5, Ala. R.App. P. The supreme court treated the petition as one seeking a writ of mandamus, and it denied the petition, without an opinion, on October 24, 2014. Ex parte Osborne (No. 1131039, Oct. 24, 2014), 205 So.3d 711 (Ala.2014)(table).
The husband voluntarily moved to dismiss his counterclaims, and the trial court entered an order granting that motion, without prejudice, on November 23, 2015. The trial court entered a judgment dismissing the action on January 4, 2016. The wife filed a notice of appeal to the *1240 Alabama Supreme Court on January 4, 2016.[2] The supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, the wife argues that the trial court erred in applying the doctrine of res judicata to support the entry of the summary judgment on her assault-and-battery claim in the civil action. However, before we reach the merits of the wife's appeal, we first address whether our supreme court’s denial of the wife’s .earlier petition for a writ of mandamus seeking review of the same issue has a “res judica-ta effect” on this appeal, i.e., whether the supreme court’s earlier determination precludes this court’s consideration of the same issue in this appeal. In Curvin v. Curvin, 6 So.3d 1165, 1170 (Ala.Civ.App. 2008), we wrote:
“ ‘Alabama law is clear: “ ‘[T]he denial [of a petition for a writ of mandamus] does not operate as a binding decision on the merits.’” Ex parte Shelton, 814 So.2d 251, 255 (Ala.2001) (quoting R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala.1994)). “[Because of the extraordinary nature of a writ of mandamus, the denial of relief by mandamus does not have res judi-cata effect.” Cutler v. Orkin Exterminating Co., 770 So.2d 67, 69 (Ala. 2000); see also Bedsole v. Goodloe, 912 So.2d 508, 516 n. 4 (Ala.2005) (noting “that ‘without ordering an answer and briefs and without issuing an opinion, [the denial of a petition for the writ of mandamus] cannot have res judicata effect on subsequent proceedings in light of the extraordinary nature of the writ of mandamus’ ” (quoting R.E. Grills, 641 So.2d at 229) (alterations in original)).’
“EB Inv., L.L.C. v. Atlantis Dev., Inc., 930 So.2d 502, 510 (Ala.2005).”
Because the supreme court’s denial of the wife’s petition for a writ of mandamus does not constitute a binding decision on the merits and, thus, has no “res judicata effect,” this court can consider the issue on appeal. Therefore, we turn now to the merits of the wife’s appeal.
The wife contends that the divorce action and her assault-and-battery claim in the civil action involve separate causes of action, and, thus, she says, the doctrine of res judicata cannot be used to bar her assault-and-battery claim in the civil action.
“Res judicata is a judicially created doctrine that precludes the relitigation of matters that have been adjudicated or that could have been adjudicated in the prior action. Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507 (Ala.2002). The elements of res judicata are ‘ “(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.” ’ Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala.2007)(quoting Equity Res. Mgmt, Inc. v. Vinson, 723 So.2d 634, 636 (Ala. 1998)).”
Ex parte Chesnut, 208 So.3d 624, 635 (Ala. 2016).
The wife argues that, on the authority of our supreme court’s opinion in Ex parte Harrington, 450 So.2d 99 (Ala.1984), her *1241 civil action must be allowed to proceed. The husband, on the other hand, argues that our supreme court’s opinion in Weil v. Lammon, 503 So.2d 830 (Ala.1987), requires a determination that the doctrine of res judicata bars the wife’s assault-and-battery claim in the civil action.
In Ex parte Harrington, supra, Margaret Harrington (“Margaret”) filed an action in Montgomery . County seeking to divorce her husband, James Harrington (“James”). In the divorce complaint, Margaret alleged the following:
“ ‘On or about, to-wit, February, 4, 1983, [James] willfully and wantonly attacked [Margaret], shooting her with a gun, causing severe personal injury to her person, rendering her a paraplegic, permanently paralyzed from the waist of her body to her feet. She was caused to be hospitalized for a long period of time and caused to suffer excruciating and severe mental and physical pain and anguish and the prognosis is that she will be confined to a wheelchair for the rest of her natural life and be caused to incur extensive costs and expenses for care, maintenance and treatment.’ ”
Ex parte Harrington, 450 So.2d at 99.
While the divorce action was pending in Montgomery County, Margaret filed a tort action against James in Elmore County, alleging;
‘“On or.about, to-wit, the 4th day of February, at or near, to-wit, County Road 29 near Powell’s Grocery in El-more County, Alabama, [James’s] willfully or wantonly shot [Margaret] with a gun.
“ ‘As a proximate consequence of [James’s] willful or wanton misconduct, [Margaret] was caused to suffer the following injuries and damages:
“‘[Margaret] was seriously wounded and was caused to be hospitalized for a long period of Time and has been permanently and severely injured and paralyzed from the waist down, she suffers severe pain and mental anguish and will continue to suffer severe pain and mental anguish and will be paralyzed for the rest of her natural life, she has been caused to incur large expenses for hospital, doctor and other medical treatment for her injuries, she has been permanently and severely injured and paralyzed and is unable to enjoy the normal pursuits of life and happiness, she will be confined to a wheelchair for the rest of her natural life and be caused to incur extensive costs and expenses for her care, maintenance, treatment and support, , and she will continue to suffer excruciating mental and physical pain and anguish for the rest of hei natural life.’ ”
Id. at 99-100.
James sought to dismiss the tort action on the ground that, because the same wrongful act was alleged as a ground for the divorce, Margaret should not be permitted to pursue a separate action alleging assault and battery. James argued that the tort action was required to be joined with the divorce action. Our supreme court disagreed with James’s assertion, holding: “The mere fact that [Margaret] included in her divorce action a charge that [James] assaulted her does not make the divorce action a cause of action identical to the assault and battery action brought in Montgomery County.” Id. at 101-02.' Accordingly, our supreme court allowed Margaret to proceed with her tort action in Elmore County.
In Weil v. Lammon, supra, the case the husband primarily relies on in support of his position, Herbert Weil and Dorothy Lammon had been married “for little more than 30 days” when Weil filed a complaint *1242 for a divorce. Weil, 503 So.2d at 831. Lammon filed a counterclaim in which she alleged that Weil, “ ‘through misrepresentation and deceit, encouraged her to terminate her prior marriage and stated he would take care of her financially for the remainder of her life. [Lammon] relied on the statements and representations made by [Weil].’ ” Id.
In the divorce judgment, the trial court awarded Lammon $1,000 as alimony in gross. Lammon filed a postjudgment motion asserting that, given the fraudulent means by which Weil induced Lammon to marry him and Weil’s “ ‘admitted propensity to become physically and emotionally involved’ ” with his female coworkers, she had been “‘the victim of a fraudulent scheme’” whereby Weil “‘enticed her to marry him, probably solely for [his] sexual gratification.’” Id. She argued that the award of alimony in gross of only $1,000 constituted a gross abuse of discretion and that a substantial award of alimony in gross and periodic alimony were required to
“‘adequately compensate her for the damage done to her as a result of ... Weil’s fraud, the wicked and wanton manner in which he treated her during the brief time they lived together, and to punish ... Weil to some degree, to discourage further activity of this kind on his part.’ ”

Id.

While her postjudgment motion was pending, Lammon filed a tort action against Weil seeking compensatory and punitive damages based on the alleged fraud and deceit on the part of Weil in misrepresenting that he would take care of Lammon financially for the rest of her life if she would marry him. Id. Weil moved to dismiss the tort action on the ground of res judicata. The trial court denied the motion, but our supreme court reversed the trial court’s order, holding that when “a spouse’s alleged fraud, misrepresentation, or deceit is made an issue in the divorce action, as it was here, such conduct will not supply the basis for a subsequent action for damages.” Id. at 831-32.
In reaching its holding, our supreme court explained that, in Weil, Lammon had asserted the alleged fraud and misrepresentation of Weil in support of her claim for alimony. “This she had a right to do, as his conduct toward her was a matter for the Court’s consideration on the issue of alimony. She may not thereafter bring an action for damages based upon the same allegations.” Id. at 832 (citation omitted). Our supreme court then wrote:
“In Jackson v. Hall, 460 So.2d 1290 (Ala.1984), this Court held that a prior divorce judgment was an absolute bar to a subsequent tort action for damages based upon an alleged assault and battery which had been one of the grounds for the divorce. The court expressly held that under those circumstances res judicata barred the wife’s action. The same result is compelled under the facts of this case.”
503 So.2d at 832.
Although it is true that, in Jackson v. Hall, 460 So.2d 1290 (Ala.1984) our supreme court did not allow a former wife to pursue a tort action in which she alleged assault and battery against her former husband, the Weil court misstated the holding in Jackson. A subsequent opinion of our supreme court provided a more detailed and more accurate representation of the holding in Jackson, explaining:
“Prior to filing her tort action, [the wife in Jackson ] had entered into a settlement agreement in the divorce action in full and final settlement of ‘all property matters and other matters between the parties.’ In Jackson, we said:
*1243 “ ‘The question here, however, is whether or not that action is barred under the material before the trial court on the summary judgment motion. The answer to this question depends upon the construction of the agreement of the parties and the effect of the divorce decree.
[[Image here]]
“ ‘This agreement was merged into the divorce decree and thus became a part of that decree, final and not subject to modification. Thus, the question of liability for a pre-existing cause of action for an assault by one spouse against the other was decided in the divorce action.’
“460 So.2d at 1292 (citations omitted).”
Coleman v. Coleman, 566 So.2d 482, 484-85 (Ala.1990).
In Jackson, our supreme court pointed out that the agreement between the parties was clear and unambiguous, specifically stating:
“Here, the agreement between the parties, clear and ambiguous, was that ‘[i]n full settlement of all claims between the parties, the Wife does hereby accept the sum of $2,300,’ and that agreement was expressly made a ‘full, final and complete settlement of all property matters and other matters between the parties.’ One of those matters was the wife’s cause of action for assault and battery. The language of the agreement clearly demonstrates an intent on the part of [the wife] to make a final settlement of ‘all claims,’ including her claim for assault and battery. ‘All claims’ means just that.”
460 So.2d at 1292. The Jackson court pointed out that the agreement was one of the evidentiary bases for the entry of the divorce judgment. Id.
Moreover, in Smith v. Smith, 530 So.2d 1389, 1391 (Ala.1988), our supreme court explained that, in Weil, it “did not overrule the case of Ex parte Harrington, ... leaving for it a field of operation where there has not been a settlement of all claims by the parties, or a claim fully litigated in a divorce case that had proceeded to a final judgment.”
In Smith, our supreme court did not allow a wife to pursue a tort action in which she alleged assault and battery against her husband after they divorced. However, as was the case in Jackson, although the parties in Smith did not have a written settlement agreement, it was undisputed that they had reached a settlement in the divorce litigation that specifically included the issue of physical cruelty and the wife’s need for continued health insurance and payment of medical bills for injuries the wife had allegedly received as a result of the husband’s physical abuse. Id. at 1390. Furthermore, the wife asked the trial court to delay entering the final judgment in the divorce action so that she could remain covered by the husband’s health-insurance policy in the event she required future surgery. Id. at 1391. Our supreme court held that, “[h]aving taken the position that [the wife] did in the divorce action, she is now estopped from relitigating matters that were settled in that action.” Id.
Similarly, in Coleman, supra, our supreme court affirmed a trial court’s summary judgment barring the wife’s tort claim against the husband alleging that he had negligently or wantonly infected her with a venereal disease during their marriage. In their previous divorce action, the parties had reached a settlement agreement, which was incorporated into the divorce judgment, that contained the following provision:
*1244 “ ‘SIXTEENTH: MUTUAL RELEASE: Each party, in consideration of this Agreement, expressly releases the other party from any and all claims and demands, other than under the provisions of this Agreement, for the settlement of property rights.’ ”
Id. at 483.
Evidence indicated that the wife was aware that she had the venereal disease before she entered into the settlement agreement and that she had used the disease as leverage in increasing her settlement award. Id. at 485. In affirming the trial court’s conclusion that the subsequent tort action was barred by the doctrine of res judicata, our supreme court wrote:
“We agree with the trial court that to allow [the wife] to use the fact that she may have been infected with a venereal disease by her husband as leverage in her divorce settlement, and then to permit her to bring a subsequent tort action, would seriously undermine the settlement of divorce actions in the future.”

Id.

In the most recent case involving the issue of whether a divorce judgment barred a subsequent tort action, Ex parte Howle, 776 So.2d 133 (Ala.2000), our supreme court prevented a wife’s action in which she alleged assault and battery against her husband from going forward. In that case, the wife, Tyndal, had filed a divorce action that included a claim alleging assault and battery against her husband, Howie. The assault-and-battery claim was severed and transferred to the civil division of the circuit court. The divorce judgment was entered while the assault-and-battery claim was pending. As part of the divorce judgment, Tyndal was awarded “‘$1,500 for any dental and/or doctor bills incurred by her as a result of [Howie’s] striking [her] on or about the date of their separation.’ ” Id. at 134.
In holding that Tyndal’s assault-and-battery claim was barred, our supreme court explained:
“Tyndal reserved the issue of the alleged battery and that issue was severed; Tyndal, nevertheless, raised that issue in the divorce action and, as a result of the judgment in that action, accepted payment of medical expenses related to the alleged battery. Had she adhered to her reservation of the issue of the alleged battery, this would be a different case. However, on the facts of this case, the trial court correctly entered the summary judgment in favor of Howie on Tyndal’s assault-and-battery claim because that claim is barred by the doctrine of res judicata.”
Id. at 136.
After reviewing the Alabama opinions considering whether a tort action against a former spouse is barred under the doctrine of res judicata after the entry of a final judgment of divorce, we conclude that, in this case, the wife’s assault-and-battery claim in the civil action is not barred by the doctrine of res judicata. There was no settlement agreement between the parties in the divorce action. Therefore, there could have been no settlement of claims existing between the parties incorporated into the divorce judgment that would preclude litigation of the assault-and-battery claim.
Further, as pointed out in Harrington, supra, although an allegation of abuse, i.e., assault and battery, can be a basis for a divorce, a claim for a divorce and a claim alleging assault and battery are separate causes of action. The wife in this case acknowledges that the circumstances of October 19, 2010, i.e., the physical altercation that was made the basis of her assault-and-battery claim in the civil action, “did have a meaningful part in the divorce *1245 trial.” In the divorce action, there was evidence indicating that the husband had assaulted the wife on the occasion made the basis of the assault-and-battery claim in the civil action. There was also evidence presented indicating that the husband had assaulted the wife on other occasions.
Additionally, our review of the record on appeal indicates that no evidence was presented in the divorce action regarding the cost of the medical expenses the wife incurred as a result of injuries she sustained in the October 19, 2010, incident, and the husband does not refer to any such evidence in his appellate brief. There is no indication in the record before us that, as was the case in Weil, the wife sought damages in the divorce action to compensate her for her injuries, for pain and suffering, for her alleged scarring and disfigurement, or for her mental distress and anguish. We note that the circumstances in Weil are rare, if not unique, in that, after only a month of marriage, Lammon expressly sought substantial alimony in gross and periodic alimony based solely on what she said was Weil’s fraudulent inducement to have her marry him by promising to support her financially for the rest of her life. Lammon specifically requested substantial alimony to punish Weil for his “ ‘wicked and wanton’ ” behavior. 503 So.2d at 831.
Alimony in gross is considered compensation for the recipient spouse’s inchoate marital rights and may also represent a division of the fruits of the marriage when liquidation of a couple’s jointly owned assets is not practicable. Lacey v. Lacey, 126 So.3d 1029, 1031 (Ala.Civ.App.2013)(quoting Hager v. Hager, 293 Ala. 47, 54, 299 So.2d 743, 749 (1974)). Periodic alimony is intended for the support of the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage. Id. (quoting O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996)). Although fault in bringing about the end of the marriage may be a factor to consider when a trial court awards periodic alimony and alimony in gross, neither form of alimony is intended to punish a spouse for wrongdoing during the marriage, as Lam-mon had requested.
In this case, although evidence of the assault and battery made the basis of the wife’s claim in the civil action was presented in the divorce action as proof of one of the grounds for divorce alleged by the wife, we cannot say that the assault-and-battery claim was fully litigated in the divorce action. See Ex parte Chesnut, 208 So.3d at 635-36. Furthermore, unlike in Ex parte Howie, supra, the trial court in the divorce action did not award the wife compensation for her medical expenses incurred as a result of the injuries she received as a result of the assault and battery. In fact, as the trial court pointed out in its summary-judgment order disposing of the wife’s assault-and-battery claim in the civil action, the divorce judgment does not mention the assault and battery at all. Thus, to the extent, if any, a claim alleging assault and battery was raised in the divorce action, we cannot say that a judgment was entered on the merits of that claim. See Ex parte Chesnut, 208 So.3d at 635.
We also think the wife’s point is well taken that, because she has a constitutional right to have the assault-and-battery claim tried before a jury, she should not have been required to litigate that claim as part of the divorce action, for which she is not entitled to a jury trial. In Abbott v. Williams, 888 F.2d 1550, 1554-55 (11th Cir.1989), the United States Court of Appeals for the Eleventh Circuit considered *1246 the implications that forcing the joinder of tort claims in a divorce action would have on a party’s right to a trial by jury, writing:
“The Wisconsin Supreme Court considered precisely this issue in Stuart v. Stuart, 143 Wis.2d 347, 421 N.W.2d 505 (1988). The court held that forcing such a dilemma on a divorcing spouse would contravene public policy:
“ ‘If an abused spouse cannot commence a tort action subsequent to a divorce, the spouse will be forced to elect between three equally unacceptable alternatives: (1) Commence a tort action during the marriage and possibly endure additional abuse; (2) join a tort claim in a divorce action and waive the right to a jury trial on the tort claim; or (3) commence an action to terminate the marriage, fore-go [sic] the tort claim, and surrender the right to recover damages arising from spousal abuse. To enforce such an election would require an abused spouse to surrender both the constitutional right to a jury trial and valuable property rights to preserve his or her well-being. This the law will not do.’
“Id., 421 N.W.2d at 508 (adopting language of intermediate Wisconsin appellate court). Since a jury trial is not available in an Alabama divorce action, a divorcing spouse in Alabama would be in the same predicament. We do not believe that the Alabama courts would be any less protective of the light to a jury trial than the courts of Wisconsin.”
(Emphasis added.) Writing in a special concurrence in Weil, 503 So.2d at 832, Justice Adams stated:
“I am of the opinion that actions for divorce are sui generis. To rule that in every divorce case a party’s cause of action must be litigated in that proceeding, of necessity, would deny the right to trial by jury. Trial by jury is not provided for in divorce actions in Alabama.”
We agree with Justice Adams and the Eleventh Circuit Court of Appeals that a divorcing spouse should not be required to include tort claims in a divorce action, because to do so would deprive each party of his or her right to have a tort action tried before a jury.
For the reasons set forth above, we conclude that, under the facts of this case, the doctrine of res judicata does not preclude the wife’s assault-and-battery claim in the civil action. Accordingly, the summary judgment barring that claim must be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. This court affirmed the divorce judgment without issuing a written opinion. Osborne v. Osborne, 177 So.3d478 (Ala.Civ.App.2014)(ta-ble).

. Even if, because there were no additional claims pending as of the entry of the order, the November 23, 2015, order dismissing the husband’s counterclaims against the wife was considered the final judgment in this matter, we note that the wife’s notice of appeal was filed within 42 days of the November 23, 2015, “order”; thus, her notice of appeal was timely filed. See Rule 4(a)(1), Ala. R.App. P.